■ BOOKAZINE COMPANY, INC., Respondent, v J & A BINDERY, INC., Appellant.—Order, Supreme Court, New York County, entered August 25, 1977, granting motion to strike defendant's answer, is reversed, on the law and the facts, and in the exercise of discretion, and the motion is denied, without costs and without disbursements. Defendant's answer has been stricken for failure to comply with plaintiff's notice of discovery and inspection dated December 27, 1976, after two orders of Special Term directing compliance with such notice of discovery and inspection. But two months before the notice of discovery and inspection plaintiff had filed a note of issue. With that note of issue, plaintiff was required to file a statement of readiness including a statement that preliminary proceedings particularly including disclosure proceedings have been completed. (Bronx and New York Counties Supreme Court rule, 22 NYCRR 660.4 [d].) Although the record furnished to us does not contain a copy of the statement of readiness, we have taken judicial notice of the statement of readiness filed with the clerk of the Supreme Court. That statement, in compliance with the rule, explicitly says: "All necessary or proper preliminary proceedings allowed by statute and rule applicable to the action (Civil Practice Law and Rules, Article 31, Section 3041 and Rules 3042, 3043 and 3044) and by rules of the Appellate Division applicable to notes of issue, a. have been completed by all parties hereto." The exceptions permitted by the rule have been stricken out. The statement of readiness is signed both manually and in typewriting with the name of the attorneys for the plaintiff. Plaintiff did not seek to be relieved from that statement of readiness or representation, and did not make an application to the court pursuant to 22 NYCRR 660.4 (d) (6) for permission to file the statement of readiness with leave to conduct or complete examination at a future date. Nor did plaintiff seek permission to conduct examination pursuant to 22 NYCRR 660.4 (d) (7) because of "unusual and unanticipated conditions" which "subsequently develop". Plaintiff states that it filed a note of issue relying on the promise of defendant's attorneys at the examination before trial to supply the information which was again requested by the later notice of discovery and inspection. But reliance on a promise of the adversary's attorneys does not justify a

representation of fact to the court in the statement of readiness contrary to the known facts, or treating such a representation as a meaningless formality. It is the experience of the Bar that attorneys usually keep their word and we do not suggest that defendant's attorneys should not do so. But except in circumstances more extraordinary than these, a party cannot ask the aid of the court to grant it relief inconsistent with the flat representation of fact that the party made to the court in the statement of readiness. Concur—Lupiano, J. P., Birns, Silverman and Markewich, JJ.; Fein, J., dissents in part in a memorandum, as follows: I concur for reversal, but I would direct that the statement of readiness be stricken and the case be marked "off calendar", without prejudice to an application by plaintiff to restore it after plaintiff has had an opportunity to conduct further discovery proceedings, if so advised, to obtain the information and records sought. If such information and records are as significant as both sides assert, the case is plainly not ready for trial and should not be on the Trial Calendar. Otherwise the furor about their existence or nonexistence will become an unwarranted and time-consuming element of the trial itself. One can foresee a dispute about the admissibility of such records and information, based on the discovery impasse, should they suddenly appear upon the trial. I am not as sanguine as the majority that the information and records will be made available before then if discovered. It is noted that defendant's perfunctory opposing affidavits on the motions at Special Term were always those of an attorney and not of an officer or employee of the defendant who presumably would know more about whether the records exist and the information is available. I have doubts about the policy of interfering with procedural dispositions made at Special and Trial Term, except in exigent circumstances. But if we are to interfere, the result of our action should not be to project into the trial procedural issues more appropriate for resolution before trial.