■ EDUARDO ARROYO, an Infant, by His Mother and Natural Guardian, JOSEFINA A. BAEZ, et al., Respondents v CITY OF NEW YORK, Appellant, et al., Defendant. — Order, Supreme Court, New York County (Pecora, J.), entered October 9, 1980 denying defendant city's motion to strike the case from the Trial Calendar and for discovery, is unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, and the motion to strike the case from the Trial Calendar is granted, and defendant city is granted

leave to conduct further discovery and disclosure, including medical information and authorizations and physical examination of the infant plaintiff. This action for personal injuries was begun in 1977. The *ad damnum* clause asked for $150,000 for the infant plaintiff and $25,000 for the mother. By memorandum decision of July 15, 1980, incorporated in a formal order on August 21, 1980, plaintiffs were granted leave to increase the *ad damnum* to $3,500,000 and $500,000, respectively. In granting the increase, Mr. Justice Cahn at Special Term said "[p]laintiffs have furnished a medical affidavit and adequately established that the increase is warranted by facts which only recently came to light". This statement and the very large increase in the *ad damnum* entitled the city to full discovery and physical examination, whether or not the city had acted diligently in respect to examination and discovery in the earlier stages of the litigation. Furthermore, in the application for the increased *ad damnum*, plaintiffs' attorney had said "this case is not yet on the calendar and certainly there can be no prejudice to the defendants by the granting of the instant motion." And in granting the increase, the court repeated substantially the same statement. The clear meaning of this statement is that defendants will have an opportunity to conduct appropriate pretrial proceedings. On July 22, 1980 defendant city served a notice of discovery and inspection and demand for medical information, neither of which were complied with. By letter dated August 15, 1980 the city stated its intention to conduct a physical examination of the plaintiff by a doctor, which would, however, have to await receipt of appropriate authorization for medical information and examination of hospital records, etc., and requesting such authorizations as soon as possible. Nevertheless, plaintiffs' attorney on September 12, 1980 served a note of issue and a certificate of readiness, the latter containing the statement "[t]here are no outstanding requests for discovery." Whatever the plaintiffs' attorney's view as to the validity of these requests, this statement was false. "[T]he court may strike the case if it appears that a material fact in the certificate of readiness is incorrect" (Rules of the Chief Administrator of Courts, 22 NYCRR 3.5). Accordingly, the case is stricken from the Trial Calendar. (Cf. *Bookazine Co. v J & A Bindery*, 61 AD2d 919.) Concur — Sandler, J. P., Carro, Silverman, Bloom and Fein, JJ.