■ Paul Anthony, Respondent, v Pietro Alesci et al., Defendants, and Alfred D. Grant, Appellant. — Order, Supreme Court, New York County (Alvin Klein, J.), entered July 15, 1981, which, *inter alia,* granted plaintiff's motion for the further examination before trial of defendant Alfred D. Grant, unanimously reversed, on the law, the facts and in the exercise of discretion,

with costs, and the motion for a further examination before trial is denied. Plaintiff, allegedly injured in a car accident, obtained medical treatment from defendant Grant. He claims medical malpractice by Dr. Grant. Plaintiff examined Grant at an examination before trial and certain questions were apparently not answered. Without seeking judicial direction compelling Grant to answer or judicial permission to file a statement of readiness with leave to complete said examination at a future date, plaintiff filed a note of issue and statement of readiness. The instant motion seeking further examination of Grant was made some eight months later. There is no basis presented, in view of the statement of readiness rule of The Bronx and New York County Supreme Court Rules (22 NYCRR 660.4 [d]), warranting the allowance of a further examination before trial of defendant Grant (see *Bookazine Co. v J & A Bindery,* 61 AD2d 919). "No special, unusual or extraordinary circumstances have been shown so as to justify relaxation of the court rule prohibiting disclosure proceedings after the action was placed on the Trial Calendar * * * and it is immaterial that the examination of defendant was incomplete at the time that the readiness statement was served and filed" (*Barnett v Ferguson,* 29 AD2d 595). Concur — Ross, J. P., Markewich, Lupiano and Bloom, JJ.