■ SANDRA J. SALJOUGHY, Appellant, v TOGROL SALJOUGHY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered May 27, 1983 in Schenectady County, which, · inter alia, denied plaintiff's motion to vacate a note of issue filed by defendant. Following joinder of issue in

this contested divorce action, an order was made on December 16, 1982 awarding plaintiff temporary maintenance and counsel fees. On January 19, 1983, defendant's attorney sent a written request for adjournment without date of defendant's examination before trial. Defendant both failed to reschedule the deposition or to furnish his financial statement pursuant to part B of section 236 of the Domestic Relations Law, averring instead that sufficient disclosure was made in his affidavit opposing plaintiff's earlier motion for maintenance and counsel fees. On April 7, 1983, defendant served a note of issue in which he indicated completion of "financial disclosure statements in matrimonial cases exchanged", and further deleted the space provided to certify "discovery proceedings now known to be necessary completed". Plaintiff moved the following day to vacate the note of issue and defendant cross-moved on April 28, 1983 for a protective order to strike a rider attached to the notice to take his deposition. Special Term denied plaintiff's motion, ordering instead that defendant be deposed within 30 days after service of the order, reserving full disclosure rights to plaintiff, and further granted defendant's cross motion for a protective order to the extent that defendant be required to produce financial records for the period of the marriage from January 2, 1982 to the date of commencement of this action. Only plaintiff has appealed. We find that the order should be modified to the extent of granting plaintiff's motion to vacate the note of issue and strike the case from the calendar. It is clear from this record that defendant's statement of readiness was incorrect and it is undisputed that he had not complied with plaintiff's notice to examine him before trial. Further, deletion of the portion of the statement of readiness relating to exchange of financial statements was arbitrary and self-serving, supported only by his view that papers on the prior motion would suffice. Plaintiff has timely moved to vacate the note of issue (22 NYCRR 1024.4 [e]) and has sufficiently demonstrated entitlement to that relief (*McKenzie v McKenzie,* 78 AD2d 585). The use of examinations before trial to supplement and guarantee the integrity of financial disclosure statements in matrimonial actions where alimony may be an issue is desirable to facilitate proper disposition (*Garrel v Garrel,* 59 AD2d 885). The court may strike the case and vacate the note of issue if it appears that a material fact in the statement of readiness is incorrect (*Arroyo v City of New York,* 86 AD2d 521, 522; 22 NYCRR 103.5). With respect to that portion of the order which partially granted defendant's cross motion for a protective order, we find that this record does not include the papers before Special Term on plaintiff's prior motion for an award of temporary maintenance and counsel fees, nor the pleadings, thereby precluding adequate review. However, since the statute providing for equitable distribution of marital property (Domestic Relations Law, § 236, part B) is now controlling upon these parties, and since it does not appear any exclusions therefrom require consideration in this case, discovery is proper of only those assets acquired during the marriage. Therefore, Special Term cannot be said to have abused its discretion in its modification of plaintiff's notice of examination before trial. Order modified, on the law, by reversing so much thereof as denied plaintiff's motion, defendant's note of issue is vacated and the case is stricken from the calendar, and, as so modified, affirmed, with costs to plaintiff. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.