■ CATHERINE MALONEY et al., Respondents, v NATIONAL CLEANING CONTRACTORS et al., Appellants. — Order, Supreme Court, New York County (L. I. Kaplan, J.), entered April 11, 1984, denying defendants' motion to strike the case from the Trial Calendar on condition that physical examination be completed by June 22, 1984, is unanimously reversed, on the law, on the facts and in the exercise of discretion, with costs, and the motion to strike the action from the Trial Calendar is granted.

The Special Term, Part 8A, order of January 6, 1984 required plaintiffs to furnish a supplemental bill of particulars as to item 19 within 30 days after completion of the examinations before trial and to include an update of special damages, to furnish medical reports or authorizations for records and to furnish hospital authorizations by February 6, 1984. It also directed examination of plaintiffs to be held within 60 days. On March 6, 1984 defendants' attorneys furnished the names of examining doctors and requested plaintiffs' attorneys to contact the doctors to schedule appointments. At the time of the service of the certificate of readiness on March 9, 1984, the supplemental bill of particulars and the reports and authorizations had not been furnished, and the physical examinations had not taken place. Yet the certificate of readiness said "Bills of particulars served"; "physical examinations completed"; "medical reports exchanged". These statements were incorrect and no acceptable excuse has been furnished for the incorrectness.

Accordingly, the motion to strike the action from the calendar should have been granted. (*Ortiz v Valdescastilla*, 98 AD2d 610; *Arroyo v City of New York*, 86 AD2d 521; Rules of Supreme Ct of Bronx and New York Counties, 22 NYCRR 660.4 [d] [4] [iii]; see *Bookazine Co. v J & A Bindery*, 61 AD2d 919.) Concur — Asch, J. P., Silverman, Milonas and Kassal, JJ.