■ HERITAGE KNITWEAR, INC., Respondent-Appellant, v JONATHAN LOGAN, INC., Appellant-Respondent.—Order, Supreme Court, New York County (Kenneth L. Shorter, J.), entered July 9, 1985 which, *inter alia,* denied that part of defendant's motion to strike the case from the Trial Calendar, unanimously modified, on the law and the facts and in the exercise of discretion, to grant the motion to the extent of striking the note of issue and removing the case from the Trial Calendar and directing plaintiff to answer fully interrogatory No. 4, and, except as thus modified, affirmed, without costs or disbursements.

Commenced in May 1981, this action seeks to recover damages for defendant's alleged breach of an oral contract to purchase no less than $1,752,434.95 worth of sweaters from plaintiff. In October, 1981, plaintiff, in response to defendant's extensive interrogatory demands, furnished 56 pages of detailed responses. In April of 1982, after defendant deposed plaintiff's president, Maurice Vanderwoude, the parties agreed that the deposition would remain open since additional documents were to be produced and further questions based thereupon might be posed. Defendant did not make any further discovery requests from April 1982 until mid-April 1985. On April 12, 1985, defendant wrote plaintiff, advising that it had retained new counsel and that it "wished to conclude the examination of Mr. Vanderwoud *[sic]* and take a deposition of Mr. Ari Kirschenbaum." Apparently, according to plaintiff, Vanderwoude and Kirschenbaum, also an officer and principal of plaintiff, had witnessed the making of the oral contract. The letter also acknowledged plaintiff's wish to depose two of defendant's employees, Messrs. Jason and Schwartz. Thereafter, on May 14-15, 1985, defendant produced Schwartz and Jason. At the conclusion of Schwartz's deposition, when defendant's counsel inquired as to when he could depose plaintiff's two witnesses, he was advised that plaintiff would produce neither. Apparently of the view that he had been deceived as to plaintiff's cooperation in producing Vanderwoude and Kirschenbaum, defendant's counsel advised plaintiff's counsel that he would move promptly for the desired discovery. That same day, plaintiff's counsel prepared a note of issue and statement of readiness certifying that "[d]iscovery proceedings now known to be necessary" had been completed and that "there are no outstanding requests" for the same. Defendant

thereafter promptly moved to strike the action from the Trial Calendar and to compel additional discovery. By cross motion plaintiff sought attorneys' fees and costs of the motion. Special Term denied the motion to strike the action from the calendar but directed plaintiff, through Vanderwoude, to submit to further examination. It also denied the cross motion. The parties cross-appealed. We modify to strike the case from the calendar and to direct plaintiff to answer interrogatory No. 4 fully and completely.

Plaintiff's certification that all discovery had been completed and that there were no outstanding discovery requests was blatantly false and, in light of defendant's request one month earlier as well as the renewed request that very day after plaintiff had completed its own belated discovery, constituted sharp practice. If plaintiff thought defendant's discovery requests were unjustified and prevented it from noticing the case for trial it had its remedies under 22 NYCRR 660.4 (d) (6). In the circumstances presented the note of issue should be stricken and the case removed from the calendar. *(See, Maloney v National Cleaning Contrs.,* 105 AD2d 653; *Ortiz v Valdescastilla,* 98 AD2d 610; *Arroyo v City of New York,* 86 AD2d 521.)

Special Term properly ordered the continuance of Vanderwoude's examination. While plaintiff did produce certain documents, their identity, meaning and completeness cannot be ascertained until Vanderwoude's examination is completed. On the other hand, Special Term correctly denied defendant's application to compel the examination of Ari Kirschenbaum, whose identity and role in the underlying transaction have been known to defendant since 1981. Finally, we note that plaintiff's answer to interrogatory No. 4 is woefully inadequate. Plaintiff claims that the fur blend yarn that it purchased to fill defendant's order was so unique that it could not be sold to anyone else after defendant's default. Yet, in response to defendant's request for records bearing on the issue of uniqueness and plaintiff's ability to resell the yarn plaintiff claims that such information is irrelevant. Any sale of such yarn to others is, of course, critical to plaintiff's claim of uniqueness and, consequently, damages. Thus, plaintiff is directed to answer this interrogatory in full. Concur—Kupferman, J. P., Sullivan, Ross, Fein and Milonas, JJ.