■ John Savino, Respondent, v Daniel Lewittes et al., Defendants, and Dennis Katz, Appellant.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered June 5, 1989, which denied the motion of defendant, Mr. Dennis Katz, to vacate the note of issue and to strike the matter from the Trial Calendar, is unanimously reversed, on the law, on the facts, and in the exercise of discretion, motion is granted, note of issue is vacated, and the matter is stricken from the Trial Calendar, with costs.

In September 1982, Mr. John Savino (plaintiff) commenced an action against Daniel Lewittes, Peter Rigos, Dennis Katz, Mark Anthony Cristini, David Lewittes, Carl Davis, Chi-Sound International, Ltd., and Carl Davis Productions, Inc., doing business as Chi-Sound Records (defendants) to recover $120,000, in the Supreme Court, New York County. The complaint alleges, in substance, as follows, (1) on May 6, 1982, plaintiff loaned defendants $100,000 for three months, (2) in exchange for that loan, defendants gave the plaintiff a promissory note and confession of judgment, which contained an interest rate of 26% per annum, (3) defendants, Messrs. Cristini and Katz, who are attorneys, informed plaintiff, who was not represented by an attorney in the transaction, that the rate of interest "was fair and reasonable and not in violation of any laws of the State of New York", (4) defendants conspired to borrow the money, with the knowledge that the interest rate "constituted usury which would then deprive the Plaintiff of recovering the * * * $100,000.00", (5) defendants misrepresented the liquidity of their assets to the plaintiff, and (6) on August 20, 1982, when plaintiff demanded repayment of the loan, "same was refused".

Following the joinder of issue, on or about April 17, 1989, plaintiff served and filed a note of issue and certificate of readiness. In response, defendant, Mr. Katz, moved to vacate the note of issue and strike the matter from the Trial Calendar, on the ground that discovery had not been completed. The IAS court denied that motion and defendant appeals.

Although this action was started in 1982, plaintiff did not

serve a complaint until 1983, and issue was not joined until almost the end of that year. Due to, *inter alia,* motion practice by the parties, defendant, Mr. Katz, was not examined before trial (EBT) by the plaintiff until October 1984. Thereafter, the plaintiff spent 1985 accomplishing the EBT of another defendant.

In 1986, when defendant, Mr. Katz, sought to EBT plaintiff, that EBT was adjourned three times, at the request of plaintiff's counsel. Further, it is undisputed that plaintiff's counsel wrote a letter, dated on or about February 19, 1987, to defendant's counsel, which stated, in pertinent part, "I am sorry to say that I am unable to produce Mr. Savino [plaintiff] for some time since he is presently in Danbury, Connecticut and will be unable to appear".

According to defendant's counsel, the reason for plaintiff's presence in Connecticut was his incarceration in a Federal correctional facility located in that State, and plaintiff's counsel does not dispute that contention. Also, undisputed is defendant's counsel's contention that, shortly after plaintiff's release from prison, without responding to defendant's outstanding notice to depose him, plaintiff served and filed the note of issue and certificate of readiness, which indicated that discovery had been completed.

The Uniform Rules for Trial Courts state, in pertinent part, that "[w]ithin 20 days after service of a note of issue and certificate of readiness, any party to the action * * * may move to vacate the note of issue, upon * * * showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect" (22 NYCRR 202.21 [e]). In compliance with that rule, defendant timely moved to vacate the note of issue.

Applying Uniform Rules for Trial Courts § 202.21 (e) to the case before us, we find that the plaintiff's certificate of readiness contains an incorrect material fact, since same asserts that discovery proceedings now known to be necessary have been completed, although it is undisputed that defendant still seeks to depose plaintiff.

We have repeatedly held that a note of issue should be vacated when same is based upon a certificate of readiness which contains an erroneous fact, such as that discovery has been completed *(Conford Co. v Fordham Concourse Realty Assocs.,* 119 AD2d 526 [1st Dept 1986]; *Heritage Knitwear v Jonathan Logan, Inc.,* 115 AD2d 389 [1st Dept 1985]; *Maloney*

*v National Cleaning Contrs.,* 105 AD2d 653 [1st Dept 1984]; *Ortiz v Valdescastilla,* 98 AD2d 610 [1st Dept 1983]). Our examination of the record indicates that the plaintiff has not furnished an "acceptable excuse * * * for the incorrectness [in the certificate of readiness]" *(Maloney v National Cleaning Contrs., supra).*

Based upon our analysis, *supra,* which indicates defendant has been attempting, for approximately three years, to EBT plaintiff and the certificate of readiness is incorrect, we find that the IAS court abused its discretion when it denied defendant's motion to vacate the note of issue and strike the matter from the Trial Calendar.

Accordingly, we reverse and grant that motion. Concur—Ross, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.