■ ERBACH FINANCE CORPORATION, Plaintiff, v ROYAL BANK OF CANADA et al., Defendants and Third-Party Plaintiffs-Respondents. BANQUE PARIBAS, Third-Party Defendant-Appellant. [610 NYS2d 20] —Order, Supreme Court, New York County (Myriam J. Altman, J.), entered November 30, 1993, which, *inter alia,* denied third-party defendant's motion pursuant to CPLR 3211 (a) and 1010 to dismiss a portion of the second cause of action of the third-party complaint and the third cause of action of the third-party complaint and granted leave to replead the sixth cause of action, unanimously affirmed.

Order of the same court and Justice, entered December 6, 1993, which denied third-party defendant's motion to disqualify third-party plaintiffs' counsel, unanimously affirmed, both with one bill of costs.

The IAS Court properly determined that the main action and the third-party action are sufficiently related to allow for impleader under CPLR 1007 *(see, Cohen Agency v Perlman Agency,* 51 NY2d 358, 365). Additionally, the IAS Court did not abuse its discretion in refusing to sever the third-party complaint under CPLR 1010. Plaintiff in the main action has not asserted any prejudice by reason of the delay necessary to complete disclosure in the third-party action. Moreover, the claims in the main action and third-party action are so intertwined that one trial is both appropriate and judicially efficient.

Finally, third-party defendant has failed to sustain its burden to demonstrate that third-party plaintiffs' counsel should be disqualified *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437). The prior representation by a member of the firm was not to third-party defendant but rather to the syndicate generally. Third-party defendant's confidences are not implicated and thus there exists no basis for disqualification.

We have considered third-party defendant's other contentions and find them meritless. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.