(January 6, 2000)

■ CLUB ITALIA, INC., Respondent, v ITALIAN FASHION TRADING, INC., et al., Appellants. [701 NYS2d 34] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about November 2, 1998, denying defendants' motion to strike the note of issue, unanimously reversed, on the law, with costs and disbursements, and the motion granted.

This action, consolidated to include two nearly identical cases, one brought the day before the other on August 5, 1997 and each containing counterclaims identical to the other's respective complaint, involves claims of breach of a contract calling for plaintiff Club Italia, Inc. to assign to defendant IFT International, Inc. all of its accounts receivable for the period of the contract. Briefly, IFT alleges that Club Italia owes it payments under the contract as a result of its failure to assign all of its invoices despite the clear contractual provision giving IFT the exclusive right to handle all collections. Club Italia claims that IFT improperly retained monies it should have paid under the contract. On July 31, 1998, prior to the consolidation, Club Italia filed a note of issue and statement of readiness under the index number assigned to its action, certifying that no further discovery was required and that there were no outstanding discovery demands. This was blatantly false. As the record shows, IFT had outstanding document requests as well as an incomplete deposition of Club Italia, by a person having actual knowledge of the facts. In opposing IFT's motion to strike the note of issue, Club Italia conceded that IFT had outstanding depositions to take but argued that depositions would add little. Club Italia also argued that the note of issue was filed in accordance with the IAS Court's directive. IFT's motion to strike was denied on the ground that the parties "had ample opportunity to conduct discovery. Moreover, there are no pending discovery requests." We reverse.

It is well settled that "a note of issue should be vacated when same is based upon a certificate of readiness which contains an

erroneous fact, such as that discovery has been completed." (*Savino v Lewittes*, 160 AD2d 176, 177.) Moreover, although the action had been pending for approximately one year, a number of unforeseen circumstances, as well as Club Italia's failure to produce the requested documents, stalled the completion of discovery. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Saxe, JJ.