■ SHANNON CROMER, Respondent, v DAVID A. YELLEN, Appellant, et al., Defendant. [702 NYS2d 277] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered December 18, 1998, which denied defendant's motion to vacate plaintiff's note of issue and certificate of readiness, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion granted.

This action was commenced on or about June 17, 1998 with issue being joined on July 8, 1998. A notice of examination before trial was also served by defendant with his answer, scheduling plaintiff's deposition for August 27, 1998. On August 26, however, defense counsel contacted plaintiff's counsel and advised him that he would be unable to proceed with the deposition. Plaintiff responded by filing a note of issue and certificate of readiness the following day. The certificate of readiness indicated that all discovery was complete. Thereafter, Supreme Court denied defendant's timely motion to vacate the note of issue and certificate of readiness. This was error.

We have repeatedly held that a note of issue should be vacated when it is based upon a certificate of readiness that contains erroneous facts (*Savino v Lewittes*, 160 AD2d 176; *Conford Co. v Fordham Concourse Realty Assocs.*, 119 AD2d 526; *Heritage Knitwear v Jonathan Logan, Inc.*, 115 AD2d 389). Here, plaintiff's certificate of readiness wrongly indicated that physical examinations had been waived by defendant and that all necessary discovery proceedings had been completed. Since it was clear that discovery was neither completed nor waived, plaintiff's certificate of readiness violated 22 NYCRR 202.21. Accordingly, Supreme Court should have granted defendant's motion. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Friedman, JJ.