■ MYRNA MATEO et al., Respondents, v CITY OF NEW YORK et al., Defendants, and REGINE'S ORIGINALS, INC., Appellant. [723 NYS2d 362] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about March 23, 2000, which vacated an order of the same court and Justice entered February 16, 2000, and, *inter alia*, adhered to its order entered on or about December 9, 1999, denying defendants' motion to strike plaintiff's note of issue and granting plaintiff's cross motion to preclude the non-City defendants from conducting an independent medical exam of the plaintiff and from offering the testimony of an independent medical examiner at trial, unanimously affirmed, without costs.

Supreme Court properly exercised its discretion in denying the non-City defendants' motion to strike plaintiff's note of issue and in granting plaintiff's motion to preclude the non-City defendants from, *inter alia*, conducting a physical examination of plaintiff. Although the non-City defendants timely moved within 20 days to strike plaintiff's note of issue, the non-City defendants failed to establish that plaintiff's certificate of readi-

ness contained an incorrect material fact (*see*, 22 NYCRR 202.21 [e]), as they argued. It was apparent that the IAS court found that plaintiff's statement in her certificate of readiness that the non-City defendants had waived their right to an independent physical examination of the plaintiff was not incorrect since the non-City defendants had repeatedly failed to comply with discovery orders directing them to conduct an independent physical examination of plaintiff (*see, e.g., Mayo v Lincoln Triangle Assocs.*, 248 AD2d 362). We further note that plaintiff otherwise complied with all her discovery obligations and that Regine's failure to produce its own representative for deposition does not, under the circumstances, warrant a finding that discovery in this action is incomplete. Concur— Nardelli, J. P., Mazzarelli, Andrias, Saxe and Friedman, JJ.