■ BRENDALIZ ORTIZ et al., Respondents, v JOSE ARIAS et al., Appellants. [727 NYS2d 879] —Order, Supreme Court, Bronx County (George Friedman, J.), entered August 10, 2000, denying defendants' motion to vacate an order of the same court and Justice, entered February 25, 2000, which, upon defendants' default, denied defendants' motion to vacate plaintiffs' note of issue and certificate of readiness, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, the note of issue and certificate of readiness vacated, and the matter remanded for further proceedings in accordance with this decision.

The motion to vacate the default should have been granted because defendants demonstrated not only a reasonable excuse, as the IAS court found, but also a meritorious claim. "We have repeatedly held that a note of issue should be vacated when it is based upon a certificate of readiness that contains erroneous facts," including an incorrect statement that all physical examinations and other discovery have been completed or waived (*Cromer v Yellen*, 268 AD2d 381; *Barnett v DeMian*, 207 AD2d 693; *Savino v Lewittes*, 160 AD2d 176, 177-178). Here, plaintiffs' certificate of readiness asserts that all physical examinations had been conducted and all medical reports had been exchanged, when it is uncontested that infant plaintiffs, allegedly injured by exposure to lead paint, had not been examined, and plaintiffs had not given defendants any medical reports. In addition to these misstatements, plaintiffs failed to

comply with the IAS court's preliminary conference order, requiring them, as the filing party, to submit either a stipulation from defendants asserting that all discovery was complete or an affirmation that they had twice tried in writing to get defendants to so stipulate.

Defendants may conduct independent physical examinations of the infant plaintiffs. Such medical examinations must be conducted within 45 days of service of a copy of this order with notice of entry, at a time and date to be specified upon demand, with notice of not less than 20 days. Defendants must furnish copies of the reports of such medical examinations to plaintiffs within 45 days after their completion. Defendants may obtain any medical summaries or reports in plaintiffs' control upon demand. Concur—Sullivan, P. J., Rosenberger, Tom, Andrias and Marlow, JJ.