■ LOURDES VARGAS et al., Respondents, v VILLA JOSEFA RE-
ALTY CORP., Appellant. [815 NYS2d 30]—

Order, Supreme Court, New York County (Debra A. James,
J.), entered on or about January 25, 2005, which, to the extent
appealed from, denied defendant's motion to vacate the note of
issue and certificate of readiness and compel discovery and a
physical examination of plaintiff Lourdes Vargas, unanimously
reversed, on the law, without costs, the motion granted and the
note of issue vacated. Order, same court and Justice, entered
August 17, 2005, which, to the extent appealed from, denied
defendant's motion to preclude plaintiffs from offering evidence
of newly asserted injuries, unanimously affirmed, without costs.
Appeal from order, same court and Justice, entered on or about
August 19, 2005, which directed discovery in connection with
plaintiffs' second supplemental bill of particulars, unanimously
dismissed, without costs, as academic in view of the foregoing,
without prejudice to the parties seeking protective orders or
other pre-note of issue relief in the ordinary course of disclosure.

Plaintiffs commenced the instant action against defendant to
recover damages for personal injuries sustained by plaintiff
Lourdes Vargas after she fell in a stairway in a building owned
by defendant. Following the joinder of issue, plaintiffs served
their bill of particulars and responses to defendant's discovery
demands. Plaintiffs claimed, among other things, that Vargas
sustained numerous injuries, including a fractured right distal
radius and "psychological and somatic overlay." Plaintiffs
supplemented their bill of particulars but did not supplement
their responses regarding Vargas's injuries.

After some discovery was conducted, a compliance conference
was held that culminated in an order directing, among other
things, the independent medical examination (IME) of Vargas to
be conducted by July 30, 2004, and the note of issue to be filed
by August 31, 2004. On August 25, 2004, plaintiffs filed a note

of issue and certificate of readiness, attesting that discovery proceedings and physical examinations were complete and that there were no outstanding discovery requests.

Defendant moved to vacate the note of issue on the ground that plaintiffs had failed to provide, among other things, duly executed authorization forms permitting defendant to obtain Vargas's medical records from New York Presbyterian Hospital (Presbyterian). Additionally, defendant noted that, contrary to the statement in the certificate of readiness, the IME had not been conducted. Plaintiffs countered that they filed their note of issue in accordance with the schedule set by the compliance conference order, and that defendant had waived its right to conduct the IME by failing to schedule it prior to the deadline set by that order. Plaintiffs also insisted that authorizations for the release of medical records were provided to defendant.

By the first order appealed from, Supreme Court granted the motion to vacate the note of issue only to the extent of directing Vargas to complete and execute authorization forms required by Presbyterian, and otherwise denied the motion.

Defendant, prompted by service upon it of a so-called "second supplemental bill of particulars," made a motion to preclude plaintiffs from offering evidence of newly asserted injuries, or, for vacatur of the note of issue to permit discovery regarding the new injuries. This second supplemental bill of particulars, served without leave of court, alleged that Vargas had sustained a left distal radius fracture, scarring on her forehead and cognitive and neuropsychological dysfunction as a result of the accident. Plaintiffs argued that the second supplemental bill of particulars merely supplemented their earlier pleadings by setting forth the manner in which previously alleged injuries had progressed.

By the second order appealed from, Supreme Court granted the motion to preclude only to the extent of permitting additional discovery with respect to the continuing injuries set forth in the second supplemental bill of particulars, and otherwise denied the motion. Appeals from both orders ensued.

Where a party timely moves to vacate a note of issue, it need show only that "a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of . . . section [202.21] in some material respect" (22 NYCRR 202.21 [e]; *see Shoop v Augst*, 305 AD2d 1016, 1017 [2003]; *Aviles v 938 SCY Ltd.*, 283 AD2d 935, 936 [2001]; *Audiovox Corp. v Benyamini*, 265 AD2d 135, 138 [2000]; *see also Ortiz v Arias*, 285 AD2d 390 [2001]; *Cromer v Yellen*, 268 AD2d 381 [2000]). Defendant timely moved to vacate the

note of issue and demonstrated that the certificate of readiness, which erroneously indicated both that the IME had been conducted and that discovery was complete, was incorrect.

Plaintiffs' assertion that defendant waived the right to conduct the IME and further discovery is without merit. There is no evidence that defendant refused or failed to avail itself of the opportunity to conduct the IME or the desired discovery, or willfully failed to comply with discovery orders (*cf. Rosenberg & Estis, P.C. v Bergos*, 18 AD3d 218 [2005]; *Mateo v City of New York*, 282 AD2d 313, 314 [2001]). To the contrary, defendant attempted to obtain the requested discovery in a timely manner. Therefore, Supreme Court erred in denying defendant's motion to vacate the note of issue.

Plaintiffs' second supplemental bill of particulars was, in fact, an amended bill of particulars since it sought to assert new injuries (*see Wolfer v 184 Fifth Ave. LLC*, 27 AD3d 280 [2006]; *Bartkus v New York Methodist Hosp.*, 294 AD2d 455 [2002]; *cf. Villalona v Bronx-Lebanon Hosp. Ctr.*, 261 AD2d 185 [1999]). We deem this amended bill of particulars properly served in view of the pre-note of issue posture of the case as a result of this appeal, and the rule that a party may amend her bill of particulars once as of course prior to the filing of the note of issue (CPLR 3042 [b]; *see Leach v North Shore Univ. Hosp. at Forest Hills*, 13 AD3d 415, 416 [2004]).

We have considered plaintiffs' additional arguments and find them to be without merit. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and McGuire, JJ.