■ SEAN NIELSEN et al., Appellants, v NEW YORK STATE DORMITORY AUTHORITY et al., Respondents. NEW YORK STATE DORMITORY AUTHORITY, Third-Party Plaintiff-Respondent, v METROPOLITAN STEEL INDUSTRIES, INC., et al., Third-Party Defendants-Respondents. METROPOLITAN STEEL INDUSTRIES, INC., et al., Fourth-Party Plaintiffs-Respondents, v THE CROSBY GROUP, INC., Fourth-Party Defendant. [923 NYS2d 66]—

Orders, Supreme Court, New York County (Paul Wooten, J.), entered October 25, 2010, which, to the extent appealed from, granted defendant New York State Dormitory Authority's mo-

tion to vacate plaintiffs' note of issue and denied the motions of plaintiffs and fourth-party defendant to sever the fourth-party action, unanimously affirmed, without costs.

The denial of plaintiffs' motion to sever the fourth-party action was a provident exercise of discretion, notwithstanding any delay in commencing the action (see CPLR 1010; see also Escourse v City of New York, 27 AD3d 319 [2006]). The main action will not be delayed to the prejudice of plaintiffs, the fourth-party defendant's discovery rights can be accommodated, and common questions of fact are present (see Erbach Fin. Corp. v Royal Bank of Canada, 203 AD2d 80 [1994]).

Plaintiffs never appealed from the order, same court and Justice, entered August 23, 2010, which, among other things, denied plaintiffs' cross motion to sever the third-party action. In any event, for the same reasons given with respect to the motion to sever the fourth-party action, the court providently exercised its discretion in denying the cross motion.

The court also providently exercised its discretion in granting the Dormitory Authority's motion to vacate plaintiffs' note of issue. A note of issue should be vacated where, as here, it is based upon a certificate of readiness that incorrectly states that all discovery has been completed (see Ortiz v Arias, 285 AD2d 390, 390 [2001]; Savino v Lewittes, 160 AD2d 176, 177-178 [1990]). Concur—Saxe, J.P., Catterson, Acosta, Abdus-Salaam and Román, JJ.