■ 11 ESSEX STREET CORP., Plaintiff, v TOWER INSURANCE COMPANY OF NEW YORK, Defendant. 11 ESSEX STREET CORP., Respondent, v 7 ESSEX STREET, L.L.C., et al., Defendants, and BERZAK GOLD, P.C., Appellant. (And Other Actions.) TOWER INSURANCE COMPANY OF NEW YORK, Third Third-Party Plaintiff, v 7 ESSEX STREET, L.L.C., et al., Third Third-Party Defendants, and BERZAK GOLD, P.C., Third Third-Party Defendant-Appellant. 7 ESSEX STREET, L.L.C., Fifth Third-Party Plaintiff, v FRANKE, GOTTSEGEN, COX ARCHITECTS, Fifth Third-Party Defendant-Respondent. [948 NYS2d 47]—

Appeal from order, Supreme Court, New York County (Emily Jane Goodman, J.), entered September 10, 2010, which, to the extent appealed from as limited by the briefs, denied the motion of fifth third-party defendant Franke, Gottsegen, Cox Architects (FGCA) to vacate the note of issue, and granted plaintiff 11 Essex Street's cross motion to sever the fifth third-party action, unanimously dismissed, without costs.

Defendant Berzak Gold, the engineering firm retained to design the underpinning and support for plaintiff's building, has no standing to bring this appeal, as it is not an "aggrieved party" within the meaning of CPLR 5511. Indeed, Berzak Gold is not a party to the fifth third-party action, filed by defendant

7 Essex against FGCA for indemnification and contribution, and it has not asserted any claims against FGCA. Although Berzak Gold has an interest in the underlying litigation involving property damage to plaintiff's building, this does not establish that it has an interest in the fifth third-party action (*see e.g. Baca v HRH Constr. Corp.*, 200 AD2d 538 [1994], *lv denied* 84 NY2d 807 [1994]).

Were we to consider the merits of the appeal, we would affirm the order appealed from. There was no basis to vacate the note of issue, as discovery in the underlying actions was complete. Indeed, after plaintiff served the supplemental bill of particulars, there were no new demands for discovery or motions to compel additional discovery (*cf. Club Italia v Italian Fashion Trading*, 268 AD2d 219 [2000]). There was, however, a pre-answer motion to dismiss in the fifth third-party action, which, at the time of severance, had not been resolved. Discovery had not yet occurred in that action, which no party disputes is necessary. Prior to filing the fifth third-party complaint, the discovery process spanned almost eight years. To further delay resolution of the other actions in order to conduct discovery in the fifth third-party action would be unduly prejudicial to plaintiff, the injured party (*see* CPLR 1010). Concur—Mazzarelli, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2010 NY Slip Op 31904(U).]**