■ NIDIA LOPEZ, Respondent, v KELLY STREET REALTY, INC., Appellant. [965 NYS2d 111]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered October 11, 2012, which, insofar as appealed from as limited by the briefs and insofar as appealable, denied defendant's motion to renew, unanimously reversed, on the law, without costs, the motion to renew granted, and, upon renewal, defendant's motion to strike plaintiff's note of issue and for further discovery concerning plaintiff's subsequent injury granted.

This personal injury action arises from a slip-and-fall accident that occurred on defendant's premises in June 2008. Plaintiff's original bill of particulars alleged that she suffered injuries to her back, right leg, and right ankle. Shortly before plaintiff filed the note of issue, defendant received information indicating that she had suffered a subsequent injury to her right ankle. Defendant's original motion to vacate the note of issue was based, in part, on its demand for discovery sought relating to that subsequent injury. At oral argument, plaintiff's counsel represented that the subsequent injury was to her left ankle, and thus, a different body part was at issue. Accepting this explanation, the court denied the original motion insofar as it sought to vacate the note of issue, and ordered plaintiff to

provide the other outstanding discovery, and a personal affidavit attesting that in her subsequent accident she injured a different body part from that claimed in the subject accident.

Defendant later moved to renew its motion to strike the note of issue and obtain discovery pertaining to the subsequent accident, submitting plaintiff's supplemental bill of particulars, in which she alleged that she sustained a left-knee injury during the subject accident which has left her with long-lasting, likely permanent injuries, including a decreased ability to bear weight on her left leg and anticipated degenerative conditions. Defendant explained that it did not include the supplemental bill of particulars with its original motion because the motion was premised upon the need for further discovery pertaining to what defendant thought was a subsequent right leg injury. Because defendant did not learn that the subsequent accident involved only plaintiff's left ankle, and not the right one, until the day of oral argument, defendant maintained that it had no reason to know that the left-leg injuries were even relevant at that moment, and did not realize that until it later reviewed its files, armed with the new information. Under the circumstances, this establishes reasonable justification for failing to include this evidence with the original motion (see CPLR 2221 [e] [3]; *Telep v Republic El. Corp.*, 267 AD2d 57, 58 [1st Dept 1999]).

Upon renewed consideration of the merits of defendant's motion to strike the note of issue, it should have been granted. The general policy of this State, is to encourage "open and far-reaching pretrial discovery" (*Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954 [1998] [internal quotation marks omitted]). The showing of outstanding discovery, separate and apart from that pertaining to plaintiff's subsequent accident, was a sufficient ground upon which to grant the original motion and vacate the note of issue (see *Nielsen v New York State Dormitory Auth.*, 84 AD3d 519 [1st Dept 2011]). Moreover, given the potential connection between plaintiff's subsequent fracture of the ankle in the same leg in which she has claimed, inter alia, to have an inability to bear her full weight, defendant had a good-faith basis to seek disclosure pertaining to the latter injury, and granting same would serve the disclosure rules' purpose "to advance the function of a trial to ascertain truth and to accelerate the disposition of suits" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 407 [1968] [internal quotation marks omitted]).

We further note that no prejudice to plaintiff appears on this record.

We have considered and rejected the remaining arguments. Concur—Tom, J.P., Andrias, Renwick and DeGrasse, JJ.