■ JUSTIN COFFEE, Appellant, v TANK INDUSTRY CONSULTANTS, INC., et al., Respondents. WORLDWIDE INDUSTRIES CORP., Third-Party Plaintiff, v CDK INDUSTRIES, INC., Third-Party Defendant-Respondent. [19 NYS3d 446]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered November 14, 2014. The order, among other things, denied without prejudice the motion of plaintiff to sever the third-party action and granted the motion of third-party defendant to strike the note of issue.

Now, upon reading and filing the stipulation discontinuing the action against defendant Tank Industry Consultants, Inc., signed by the attorneys for the parties on June 22, 2015, and filed in the Onondaga County Clerk's Office on July 10, 2015,

It is hereby ordered that said appeal insofar as it concerns defendant Tank Industry Consultants, Inc. is unanimously dismissed upon stipulation and the order is affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and Labor Law action seeking damages for injuries he sustained when he fell from a hoist ladder. Plaintiff moved pursuant to CPLR 1010 to sever the third-party indemnification action from the main action, and third-party defendant, CDK Industries, Inc. (CDK), moved to strike the note of issue. Supreme Court denied plaintiff's severance motion without prejudice, and granted the motion to strike. We affirm.

Contrary to plaintiff's contention, the court did not abuse its discretion in denying his severance motion where, as here, plaintiff failed to show substantial prejudice (*see* CPLR 1010; *Quinn v Broder*, 225 AD2d 1110, 1110 [1996]; *see also Nielsen v New York State Dormitory Auth.*, 84 AD3d 519, 520 [2011]). The court also properly granted the motion to strike because, inter alia, the third-party action was commenced after the note of issue was filed in the main action, and CDK had outstanding requests for discovery (*see* 22 NYCRR 202.21 [e]). Present—Scudder, P.J., Smith, Carni, Lindley and DeJoseph, JJ.