# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1050**

**CA 15-00267**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

JUSTIN COFFEE, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

TANK INDUSTRY CONSULTANTS, INC. AND WORLDWIDE
INDUSTRIES CORP., DEFENDANTS-RESPONDENTS.
------------------------------------------------
WORLDWIDE INDUSTRIES CORP., THIRD-PARTY PLAINTIFF,

V

CDK INDUSTRIES, INC., THIRD-PARTY
DEFENDANT-RESPONDENT.

---

STANLEY LAW OFFICES, LLP, SYRACUSE (JON COOPER OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (STEPHEN A. DAVOLI OF COUNSEL), FOR
DEFENDANT-RESPONDENT TANK INDUSTRY CONSULTANTS, INC.

GOLDBERG SEGALLA LLP, SYRACUSE (NICHOLAS PONTZER OF COUNSEL), FOR
DEFENDANT-RESPONDENT WORLDWIDE INDUSTRIES CORP.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (CHRISTOPHER
DEFRANCESCO OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), entered November 14, 2014. The order,
among other things, denied without prejudice the motion of plaintiff
to sever the third-party action and granted the motion of third-party
defendant to strike the note of issue.

Now, upon reading and filing the stipulation discontinuing the
action against defendant Tank Industry Consultants, Inc., signed by
the attorneys for the parties on June 22, 2015, and filed in the
Onondaga County Clerk's Office on July 10, 2015,

It is hereby ORDERED that said appeal insofar as it concerns
defendant Tank Industry Consultants, Inc. is unanimously dismissed
upon stipulation and the order is affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and
Labor Law action seeking damages for injuries he sustained when he
fell from a hoist ladder. Plaintiff moved pursuant to CPLR 1010 to

sever the third-party indemnification action from the main action, and third-party defendant, CDK Industries, Inc. (CDK), moved to strike the note of issue. Supreme Court denied plaintiff's severance motion without prejudice, and granted the motion to strike. We affirm.

Contrary to plaintiff's contention, the court did not abuse its discretion in denying his severance motion where, as here, plaintiff failed to show substantial prejudice (*see* CPLR 1010; *Quinn v Broder*, 225 AD2d 1110, 1110; *see also Nielsen v New York State Dormitory Auth.*, 84 AD3d 519, 520). The court also properly granted the motion to strike because, inter alia, the third-party action was commenced after the note of issue was filed in the main action, and CDK had outstanding requests for discovery (*see* 22 NYCRR 202.21 [e]).

Entered:   November 20, 2015                    Frances E. Cafarell
                                                Clerk of the Court