BSS Med., P.C. v Travelers Ins. (2021 NY Slip Op 50444(U))

[*1]

BSS Med., P.C. v Travelers Ins.

2021 NY Slip Op 50444(U) [71 Misc 3d 137(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-538 K C

BSS Medical, P.C., as Assignee of Leslie
Inniss and Deshawn E. Daniels, Respondent,
against
Travelers Insurance, Appellant. 

Law Office of Tina Newsome-Lee (William Kleen of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel.), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Consuelo
Mallafre Melendez, J.), entered February 25, 2019. The order, insofar as appealed from, denied
defendant's motion to vacate a notice of trial and certificate of readiness.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion to vacate the notice of trial and certificate of readiness is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant's
answer, served in February 2018, was accompanied by a demand for written interrogatories. Six
days after defendant's discovery demand was served, plaintiff served a notice of trial and
certificate of readiness. Defendant then moved, in February 2018, to vacate same, asserting that,
contrary to plaintiff's representation, discovery was not complete. By order entered February 25,
2019, insofar as appealed from, the Civil Court denied defendant's motion.
Defendant's timely motion to vacate the notice of trial (see Uniform Rules for NY
City Civ Ct [22 NYCRR] § 208.17 [c]) should have been granted since it was based upon a
certificate of readiness which contained the erroneous statement that discovery was complete or
that it had been waived (see Savino v Lewittes, 160 AD2d 176 [1990]; Fu-Qi Acupuncture, P.C. v Travelers Ins.
Co., 62 Misc 3d 150[A], 2019 NY Slip Op 50273[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]; Queens
Chiropractic Mgt., P.C. v Country Wide Ins. Co., 23 Misc 3d 142[A], 2009 NY Slip Op
51073[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). As it is undisputed that
plaintiff had not served responses to defendant's demand for written [*2]interrogatories despite being served with a demand for same, the
notice of trial and certificate of readiness should have been vacated (see Fu-Qi Acupuncture,
P.C., 62 Misc 3d 150[A], 2019 NY Slip Op 50273[U]; Queens Chiropractic Mgt.,
P.C., 23 Misc 3d 142[A], 2009 NY Slip Op 51073[U]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion to
vacate the notice of trial and certificate of readiness is granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021