Sky Coverage Inc. v Alwex Inc. (2022 NY Slip Op 00745)





Sky Coverage Inc. v Alwex Inc.


2022 NY Slip Op 00745


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Index No. 652604/18 Appeal No. 15215 Case No. 2021-03125 

[*1]Sky Coverage Inc. et al., Plaintiffs-Respondents,
v
Alwex Inc. et al., Defendants-Appellants.


Goldberg Segalla, LLP, New York (Christopher F. Lyon of counsel), for appellants.
Held & Hines, LLP, Brooklyn (Marc Held of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about June 9, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion to vacate the note of issue, unanimously reversed, on the law and the facts, without costs, the motion granted, and the note of issue vacated.
Where a party moves to vacate a note of issue, the only showing necessary on the motion is that "'a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of . . . section [202.21] in some material respect'" (Vargas v Villa Josefa Realty Corp., 28 AD3d 389, 390 [1st Dept 2006], quoting 22 NYCRR 202.21[e]).
As defendants showed on their motion, the certificate of readiness in this action failed to state that discovery proceedings known to be necessary were completed, that there were no outstanding discovery requests, that there had been a reasonable opportunity to complete the proceedings, and that the case was ready for trial (22 NYCRR 202.21[b]). Accordingly, defendants showed, and plaintiffs agree, that the "certificate of readiness failed to materially comply with the requirements of 22 NYCRR 202.21, [and] the filing of the note of issue was a nullity" (Slovney v Nasso, 153 AD3d 962, 962 [2d Dept 2017]; compare Pickering v Union 15 Rest. Corp., 107 AD3d 450, 450-451 [1st Dept 2013] [reversing denial of motion to vacate note of issue as improvident exercise of discretion]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022