■ NAOMI SOLTAU, Respondent-Appellant, v MAX L. KOEPPEL, Appellant-Respondent.—In a negligence action to recover damages for personal injuries, the appeal and cross appeal bring up for review (1) an order of the Supreme Court, Kings County, dated February 23, 1976, which (a) granted defendant's motion to strike plaintiff's note of issue and statement of readiness, unless plaintiff submits to a physical examination by defendant's doctor, and (b) directed that said examination be conducted at the office of the attorney for the plaintiff and (2) so much of a further order of the same court, dated March 8, 1976, as, upon reargument, adhered to the original determination. Appeals from the order dated February 23, 1976 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Permission for the taking of the appeal from so much of the order on reargument as adhered to that portion of the prior determination which directed that the physical examination take place at the office of plaintiff's attorney, is hereby granted. Order dated March 8, 1976 affirmed insofar as appealed from and reviewed, without costs or disbursements. The physical examination shall take place at a time to be fixed in a written notice of not less than 10 days, to be given by defendant, or at such time as the parties may agree. In light of the serious injuries claimed by plaintiff and plaintiff's agreement to submit to a physical examination at the office of her attorney, the failure of defendant to comply with section 672.1 of the rules of this court (22 NYCRR 672.1) was not a controlling circumstance. Under the facts here present, it was a proper exercise of discretion to direct that the physical examination take place at the office of the plaintiff's attorney. Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.