■   ARMENIOUS ROBINSON et al., Respondents, v MICHAEL MORPHIS, Defendant, and 220 EAST 54TH STREET COMPANY, Appellant.—In an action to recover damages for personal injuries, etc., predicated upon an alleged assault, defendant 220 East 54th Street Company appeals (1) from an order of the Supreme Court, Queens County, dated September 13, 1976, which (a) granted plaintiffs' motion to vacate a prior order which, upon their default, granted appellant's motion to strike their note of issue and statement of readiness, and (b) restored the action to the Trial Calendar, "without reservation to the holding of a physical examination of the plaintiff", and (2) as limited by its brief, from so much of a further order of the same court, dated December 1, 1976, as, upon granting its motion to renew, adhered to the original determination. Appeal from the order dated September 13, 1976 dismissed as academic, without costs or disbursements. That order was superseded by the order made upon renewal. Order dated December 1, 1976 modified by adding to the second decretal paragraph thereof, immediately after the words "order dated September 13, 1976", the following: "except that defendant 220 East 54th Street Company shall be permitted to conduct a physical examination of plaintiff Armenious Robinson." As so modified, said order affirmed insofar as appealed from, without costs or disbursements. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by appellant, or at such time and place as the parties may agree. The time within which appellant may serve such notice is extended until 20 days after entry of the order to be made hereon. On the record before us, the refusal to permit appellant to conduct a physical examination of the plaintiff Armenious Robinson was an abuse of discretion. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.