RUTH MARKS, Respondent, v STEVENSVILLE COUNTRY CLUB, INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from: (1) an order of the Supreme Court, Kings County, entered October 18, 1976, which denied their motion to vacate the note of issue and statement of readiness; and (2) so much of a further order of the same court, entered March 2, 1977, as denied their application for leave to conduct a physical examination and an examination before trial of the plaintiff. Appeal from the order dated March 2, 1977 dismissed as academic, without costs or disbursements, in the light of the disposition of the appeal from the order of October 18, 1976. Order entered October 18, 1976 modified by deleting the second and third sentences of the decretal paragraph thereof and substituting therefor a provision granting defendants permission to conduct a physical examination and examination before trial of plaintiff pursuant to one of the following options: (1) to have plaintiff come to New York from Florida for the examinations, upon defendants' payment of her travel and hotel expenses; or (2) to have the examinations conducted in Florida, upon payment by defendants of plaintiff's attorney's travel and hotel expenses; or (3) to have the examinations conducted in New York immediately prior to the trial. As so modified, order affirmed, without costs or disbursements. In the event defendants elect to exercise the first or second option above set forth, they shall so notify plaintiff's attorney within 20 days of the entry of the order to be made hereon. In such event, the examinations shall proceed at such times and places as shall be fixed in a written notice of not less then 20 days, or at such other times and places as the parties may agree. The time within which such notice may be served is extended until 60 days after entry of the order to be made hereon. On the record before us, the refusal to permit appellants to conduct a physical examination and an examination before trial of plaintiff constituted an abuse of discretion. Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.

ANN B. McMANN, as Administratrix of the Estate of ROBERT E. McMANN, Deceased, Appellant, v LONG ISLAND RAILROAD COMPANY et al., Respondents.—In a wrongful death action, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered May 10, 1976, which is in favor of defendants, upon a jury verdict. Judgment affirmed, without costs or disbursements. The charge to the jury was fair and proper. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.