OPINION OF THE COURT
Bentley Kassal, J.
BACKGROUND
Pro bono counsel in August, 1978 responded to the desperate request of the Corporation Counsel of the City of New York for volunteers to enable the Corporation Counsel to properly prepare for and try an enormous backlog of cases. Cravath, Swaine & Moore, Esqs., was assigned to this case, and after examining the file, made the present motion to complete pretrial discovery.
*595 At a pretrial conference on October 27, 1978, movant did request a physical examination and an oral deposition to be completed within 30 days. Plaintiffs counsel absolutely refused. Movant now requests such relief of the court and this is opposed on the grounds that the city had its prelitigation examination (which movant claims is of no or little value) and the case is ready for trial.
ISSUE
Should the court exercise its discretion and grant disclosure when the case is on the verge of being assigned to a part for trial?
DECISION
There is a basic problem which must be confronted, namely, the fact that one of the most prolific litigators in this court, the Corporation Counsel of the City of New York, has had a long history of neglect and, indeed, inattention to the best interests of its client, the City of New York. This has been manifested by the appalling multitude of cases, especially those in the tort area, where no real efforts in the past have been made to undertake one or more of these essential pretrial procedures: (1) a physical examination of the plaintiff; (2) oral depositions of adverse witnesses; or (3) commencement of third-party proceedings against parties which logically should be impleaded, e.g., indemnifiers, such as utility companies, independent contractors or subcontractors with possible responsibility for claimed negligent sidewalk or road defects.
Obviously, the City of New York should be held to the same rule as other parties and not be entitled to special rules solely and simply because it now is an impoverished municipality in a financial crunch, and a self-insurer. (Although they have not been ashamed or hesitant to claim this.) On the other hand, I proceed on the premise that no litigant should be compelled to go to trial, if reasonably possible, without having availed itself of full disclosure, provided the adverse party is not unfairly prejudiced thereby.
This then is the dilemma facing the court — shall the usual rules pertaining to the completion of disclosure be made more flexible because of the past slovenly work habits of the Corporation Counsel, the city’s attorney, which, in no small measure, did result from the over-all extreme cutback by the City *596 of New York in all departments with an inadequate number of competent counsel and trial preparation staff? Or shall the city be compelled to go to trial with one arm proverbially tied behind its back without trial preparation by way of disclosure?
To be pragmatic and fair, the answer must be keyed to whether the adverse party is delayed in its right to a speedy trial or can otherwise demonstrate unfair prejudice as a result.
In this case, pro bono counsel (happily now appearing for the City of New York in large numbers) properly point out their pre-existing difficulties in going to trial without any examination since June 18, 1974 for an accident that happened more than five years ago on February 28, 1974.
I fully recognize that the granting of disclosure at this point —more than four years after the filing of a note of issue — does in some measure violate the spirit and letter of the rules pertaining to notes of issue, but the court cannot take an ostrich approach to the reality of this problem.
Therefore, since this case has not as yet been assigned to a trial part, I am granting the defendant, City of New York, the right to have a physical examination and an oral examination before trial on two conditions: (1) both shall take place within two weeks from the date hereof and shall not delay the trial of the action herein; and (2) the City of New York shall pay the sum of $100 as and for the reasonable legal fees of the plaintiff’s attorneys by reason of the additional time to be expended by them in connection with these proceedings.
postscriptum: Although the Corporation Counsel’s history of acting in an unlawyerlike manner leaves a great deal to.be desired, the court does note that plaintiff’s affirmation in opposition herein has been submitted but not signed. The court nevertheless did fully consider the arguments presented therein.
CROSS MOTION
There is a third-party defendant, impleaded by the city, about 14 months ago, which has "cross-moved” herein against plaintiff for an order compelling it to produce for discovery and inspection a photograph of the scene of the accident originally sought by notice served in July, 1978 and not objected to. The third-party defendant is entitled to such *597 discovery and the photograph shall be made available at the hour and place noticed on April 2, 1979.
The third-party defendant also seeks a physical examination to which it is entitled, not having been in the case prior to last summer. If defendant fails to arrange for same, third-party defendant may do so, also on or before April 2, 1979.