OPINION OF THE COURT
Felice K. Shea, J.
The issue presented by this motion to strike an action from the calendar is whether defendants, the City of New York and a police officer, should be permitted to have discovery on the *268 eve of trial. Defendants are represented by a highly regarded law firm, serving pro bono, in response to a call for volunteers from the Corporation Counsel of the City of New York.
The underlying action for assault and battery, false arrest, and malicious prosecution arises out of an incident which occurred on October 8, 1967. A precomplaint examination was conducted by the comptroller’s office on August 8, 1968. Issue was joined in January, 1969. Defendant was deposed on January 27, 1971. Plaintiff filed a note of issue and a statement of readiness on August 8, 1974. The file in this matter was assigned to pro bono counsel in March, 1979. The matter has appeared on the calendar a number of times, the last time on April 18, 1979 when it was marked ready for trial in an assignment part. This motion, made returnable five months later in a trial part, is the first application to the court for leave to depose plaintiff and is made after a request for plaintiff’s consent to be deposed was refused.
In the absence of special circumstances, a party who fails to move to strike a case from the calendar within 20 days after the filing of a statement of readiness is deemed to have waived his right to discovery. (Rules of the Supreme Court, New York and Bronx Counties, 22 NYCRR 660.4 [d] [3]; Price v Brody, 7 AD2d 204.) Defendants urge the court to view their delay in pursuing discovery in light of the city’s fiscal crisis and the lack of adequate staff in the Corporation Counsel’s office. They assert a need to examine plaintiff in order to prepare for trial. Plaintiff opposes the motion, claiming that discovery is not needed and that the court may not grant special consideration to defendants because they were represented by an understaffed Corporation Counsel and are now represented by pro bono counsel.
The dilemma, as articulated by another Justice of this court in the recent case of De Fino v City of New York (99 Misc 2d 594, 595-596) is "shall the usual rule pertaining to the completion of disclosure be made more flexible because of the past slovenly work habits of the Corporation Counsel * * * [o]r shall the city be compelled to go to trial with one arm proverbially tied behind its back without trial preparation by way of disclosure?” In the De Fino case, the court granted a motion for disclosure on conditions.
However, the facts and history of this case differ in important respects from De Fino. There, the motion was made four years after the filing of the note of issue. Here, defendants *269 have brought the motion more than five years after the note of issue was filed. In De Fino, the motion was made by pro bono counsel two months after being retained, before the case was marked ready for trial, and before the case was assigned to a trial part. By contrast, this motion was made by pro bono counsel six months after they were retained and five months after the case was marked ready for trial. No explanation is offered as to why present counsel did not advise the assignment Judge that they did not consider the case ready for trial. In De Fino, the court specified as a reason for granting the motion that the case had not yet been assigned to a trial part. That reason does not apply here.
On the record before me, I find that the prejudice to plaintiff from any further delay outweighs the disadvantage to defendants of proceeding without complete preparation. The court is ready to try this case; after 12 years, plaintiff is entitled to an immediate trial.
Motion denied.