(November 28, 1980)

■ In the Matter of Fred C. Trump, Respondent, v Harry S. Tishelman, as Commissioner of Finance of the City of New York, Appellant. — Motion by petitioner (1) to vacate the automatic stay of the enforcement of a judgment of the Supreme Court, Kings County, entered July 21, 1980, and (2) to compel the appellant to return to him two payments of $4,921.88, each with interest, representing the overpayment made by him as a result of an overassessment on his real property. Cross motion by appellant to modify this court's order dated September 5, 1980, so as to enlarge the time to perfect the appeal to the January, 1981 term, and continue the automatic stay pending determination of the appeal. Motion denied and cross motion granted. Order dated September 5, 1980 amended so as to require the appellant to perfect the appeal for the January, 1981 term, which begins January 5, 1981; appeal ordered on the calendar for said term. The respondent's brief must be served and filed on or before December 10, 1980. Although we again grant an enlargement of time to the appellant, we are not unaware of the city's practice of delay in prosecution of cases against it. (See, e.g., *McDonald v City of New York,* NYLJ, Oct. 29, 1980, p 11, col 6 [App Div, 2d Dept].) We urge upon the city quicker observance of the objective of prompt resolution of disputes through expeditious adjudication lest the merits of its cases and judicial economy suffer. Our patience is not boundless. Lazer, Mangano and Weinstein, JJ., concur.

Titone, J. P., dissents and votes to grant petitioner's motion and to deny appellant's cross motion, with the following memorandum, in which Cohalan, J., concurs: The record reveals that on July 21, 1980 a judgment was entered in the Supreme Court, Kings County, which, *inter alia,* directed the appellant Commissioner of Finance of the City of New York to rescind and remove an increase in the tentative assessed valuation of petitioner's real property from $2,575,000 to $2,800,000 and restore the tentative assessed valuation of such property to $2,575,000 for the 1980-1981 fiscal year. On August 19, 1980 petitioner moved in this court for an order vacating the automatic stay of enforcement of the judgment pending appeal therefrom, and directing the appellant to return the sum of $4,921.88, with interest, representing the first overpayment of real estate taxes made by petitioner for the 1980-1981 fiscal year. By order dated September 5, 1980 this court granted petitioner's motion unless the appellant perfected the appeal for the November, 1980 term. Notwithstanding that the last date for appellant to perfect the appeal for the November, 1980 term was September 26, 1980, petitioner agreed, at the request of the Assistant Corporation Counsel assigned to the matter, to two one-week extensions of the time within which to perfect the appeal. However, the latter failed to perfect the appeal within the extension of time agreed upon. In my opinion the failure of the Corporation Counsel's office to comply with this court's condition set forth in its September 5 order, to perfect the appeal for the November, 1980 term, is inexcusable. Such patent inaction is compounded by the failure of such office to take advantage of the *inter se* agreements for extensions of time. In reviewing appellant's papers, I am unable to find any reasonable explanation for his failure to perfect the appeal for the November term pursuant to this court's order. I consider as totally inadequate and gratuitous the explanatory remark of the Assistant Corporation Counsel in his opposing affirmation that "we city lawyers do not have the luxury of junior assistants or secretaries to aid us in our preparations." At best such excuse can only be characterized as "law office failure", an alibi for inaction found patently inadequate and wanting by

appellate courts on innumerable occasions (cf. *Barasch v Micucci,* 49 NY2d 594). The fact that the failure occurs in the office of a governmental legal agency does not render such excuse viable. It should be noted that in conducting litigation the attorneys employed by the office of the Corporation Counsel are bound by the same standards and discipline applicable to private practitioners. I also reject the contention of appellant's counsel that the potential injury to petitioner of not having the use of the two alleged overpayments, totaling approximately $10,000, during the pendency of the appeal, is *de minimis,* assuming petitioner prevails upon appeal, which now will be argued in the January, 1981 term rather than the November, 1980 term. In my opinion it is manifestly unfair to suggest that a party such as petitioner must suffer deprivation of the use of money due him under a judgment for an unspecified period of time because of the unwarranted delay of an appellant in perfecting the appeal from such judgment. Moreover, nowhere in the papers submitted by appellant is there any claim that, should appellant prevail on appeal, petitioner would be unable to pay additional sums owed by him pursuant to an appellate court's determination justifying an increased tax assessment on the subject property. In conclusion, it must be observed that the dilatory conduct of the Corporation Counsel's office in this instance is not unique. On a number of occasions in the not too distant past this court and others have expressed criticism of the constant delays engendered by the Corporation Counsel's office in litigated matters (cf. *Beetz v City of New York,* 73 AD2d 925; *De Fino v City of New York,* 99 Misc 2d 594; and *Mirante v City of New York,* NYLJ, April 2, 1979, p 15, col 4). At this point I consider it incumbent to quote the following language from this courts recent determination in *Beetz v City of New York (supra,* p 926): "we believe it necessary to state that as the law firm for the City of New York, the Corporation Counsel's office and the many attorneys employed [by it], have an obligation to conduct lawsuits in a disciplined and efficient manner in order to protect the interests of the almost 8 million city residents and also to assure plaintiffs that their claims will be expeditiously and fairly resolved". Accordingly, I dissent and vote to vacate the automatic stay of the enforcement of the judgment pending appeal and to direct that the two overpayments of real estate taxes made by petitioner be returned to him.