■ DORIS DE CHIARO et al., Appellants, v ALFRED D. RENDELL et al., Respondents. — In a medical malpractice action, plaintiffs appeal from two orders of the Supreme Court, Richmond County (Rubin, J.), both dated December 13, 1982, which granted the motions of the respective defendants to, *inter alia,* strike the action from the Trial Calendar. Orders reversed, with one bill of costs, and motions granted to the extent that the plaintiff wife is directed to submit to a physical examination at a time and place, and by a physician, to be designated by defendants in a written notice of not less than 10 days, or at such other time and place as the parties may agree, and denied insofar as they sought to strike plaintiffs' action from the Trial Calendar. Defendants may serve such notice within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. The acts complained of occurred in May, 1973, during the course of the plaintiff wife's hospitalization for a vaginal hysterectomy. The injuries and their residual effects are claimed to be permanent. In August, 1982, defendant Rendell served a 90-day notice, demanding that plaintiffs place the case on the calendar for trial. In an effort to comply with the 90-day notice, the plaintiffs conducted examinations before trial and served on the defendants a notice of availability for a physical examination. The defendants did not respond to the notice of availability. The plaintiffs had trouble scheduling a deposition for the defendant Rendell and moved to extend the time which they had to place the case on the calendar. Defendant Rendell opposed this motion claiming that plaintiffs had adequate time to complete discovery. Special Term ordered that plaintiffs place the case on the calendar by November 9, 1982 and that the defendant Rendell appear for a deposition on November 18, 1982. On November 16, 1982, defendant Doctors' Hospital of Staten Island moved to strike the case from the calendar, or, alternatively, to reserve its right to complete preliminary procedures in the case. After the plaintiff wife refused to submit to a physical examination, claiming that the defendants had effectively waived their rights to it by ignoring the notice of her availability, defendant Rendell, on or about November 29, 1982, moved to strike the case from the calendar and/or to compel the female plaintiff to submit to a physical examination. In separate orders Special Term granted both motions without opinion, and struck the action from the calendar. Section 672.1 of the rules of this court (22 NYCRR 672.1) requires that a notice of availability for a physical examination be responded to within five days of service. This court has held that, absent a reasonable excuse, noncompliance by a defendant with this rule will effectively waive that defendant's right to a physical examination of the injured plaintiff (*Delgado v Fogle,* 32 AD2d 85). Nevertheless, if the delay in responding to a notice of availability is not substantial, and if the hardship and prejudice to the defendant by being deprived of a physical examination far outweigh the prejudice to the plaintiff, then a physical examination will be permitted (*Lilly v McGowan,* 59 AD2d 734). Under the circumstances of this case, the plaintiffs would not be prejudiced by requiring the female plaintiff to submit to a physical examination. Therefore, such an examination should be permitted. However, even though a physical examination should be required in this case, this may be accomplished without striking the case from the calendar (*Marks v Stevensville Country Club,* 58 AD2d 644; *Robinson v Morphis,* 57 AD2d 920; *De Fino v City of New York,* 99 Misc 2d 594). The female plaintiff should submit to a physical examination, but considering the fact that defendant Rendell forced the case on the Trial Calendar, by serving a 90-day notice and opposing the plaintiffs' motion to extend their time to file a note of issue, it would be unduly harsh to now strike the plaintiffs' action from the calendar. Mangano, J. P., Gibbons, Brown and Niehoff, JJ., concur.