■ DARRIN RESNICK, Respondent, v GLORIA SEHER, Appellant. [603 NYS2d 501] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated August 13, 1991, which, *inter alia,* denied her motion to vacate a notice of availability for a physical examination served by the plaintiff, and directed her to conduct one physical examination of the plaintiff at the offices of the plaintiff's attorney.

Ordered that the order is reversed, as a matter of discretion, with costs, and the defendant's motion is granted to the extent that (1) the notice of availability for physical examination served by the plaintiff is vacated, and (2) the plaintiff is directed to submit to no more than three medical or dental examinations, to take place at the offices of up to three physicians or dentists with offices in Nassau County, or the Town of Huntington or Town of Babylon in Suffolk County, chosen by the defendant, upon written notice of not less than 10 days, or at such times and places as the parties may agree.

Assuming that the plaintiff's argument concerning the timeliness of the defendant's motion *(see,* 22 NYCRR 202.17 [a]) may properly be raised for the first time on appeal *(see, Sega v State of New York,* 60 NY2d 183, 190, n 2), we conclude that the defendant's failure to abide by the 10-day time limitation contained in 22 NYCRR 202.17 (a) does not warrant denial of her motion. All of the regulations regarding the exchange of medical information in personal injury and wrongful death actions set forth in 22 NYCRR 202.17 (a) are binding "[e]xcept where the court otherwise directs" (22 NYCRR 202.17). Clearly, the Supreme Court had the discretion to entertain an untimely motion made pursuant to this rule where, as in this case, there is a good excuse for the delay and no prejudice to the plaintiff *(see also,* CPLR 2004; *Deeley v Leo's Den,* 126 AD2d 698; *De Chiaro v Rendell,* 95 AD2d 792; *Soltau v Koeppel,* 54 AD2d 588).

Turning to the merits, we conclude that the present case is an appropriate one in which to substitute our discretion for that of the Supreme Court *(see, e.g., Carden v Callocchio,* 100 AD2d 608). Our decision clearly reflects the common sense notion that medical examinations are more properly conducted in medical offices than in the offices of an attorney *(e.g., Healy v Deepdale Gen. Hosp.,* 145 AD2d 413; *Deeley v*

*Leo's Den, supra; Schussheim v Beam's Drug Corp.,* 45 AD2d 1047). In opposing the defendant's motion, the plaintiff's counsel asserted that his right to be present at these physical examinations, a right which the defendant does not dispute *(see, Jakubowski v Lengen,* 86 AD2d 398) can more conveniently be exercised if the physical examinations occur in his office. We do not agree that, as a general rule, the convenience of counsel should take precedence over the convenience of nonparty witnesses, even ones retained by counsel's adversary.

We note, in conclusion, that the plaintiff did not contest the defendant's entitlement to three physical examinations. In light of the allegations made in the bill of particulars, such multiple examinations are warranted. Bracken, J. P., Eiber, Copertino and Pizzuto, JJ., concur.