◼ MICHAEL CARMODY et al., Respondents, v SOAHN KUEHNER et al., Defendants, and J.M. OF SUFFOLK, INC., Appellant. [612 NYS2d 53] —In an action to recover damages for personal injuries, the defendant J.M. of Suffolk, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated August 6, 1992, as conditionally granted its motion to vacate a notice of availability for physical examination served by the plaintiffs, the condition being that the physicians designated by the appellant serve plaintiffs with letters explaining why such physicians cannot conduct effective medical examinations except at their offices.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, by (1) deleting the provision thereof which conditionally granted the appellant's motion, (2) substituting therefor a provision granting the appellant's motion without condition, (3) adding thereto a provision vacating the notice of availability for physical examination served by the plaintiffs, and (4) adding thereto a provision directing each of the two plaintiffs to submit to two

physical examinations (for a total of four physical examinations) to take place at the offices of two physicians with offices in Suffolk County, chosen by the appellant, upon written notice of not less than 10 days, or at such times or places as the parties may agree.

In *Resnick v Seher* (198 AD2d 218), we stated that as a general rule medical examinations conducted during the course of pretrial disclosure should take place in medical offices, which are presumably better equipped for such purposes. We viewed this proposition as a matter of "common sense" *(Resnick v Seher, supra)*. Where, as in the present case, the bill of particulars and the medical reports furnished by the plaintiffs reveal that the plaintiffs' own physicians have conducted a series of medical tests in their offices, any departure from this general rule would not be warranted. Thus, we conclude that the order should be reversed insofar as appealed from as an exercise of our own independent discretion, even though the Supreme Court's exercise of its discretion cannot be characterized as abuse or as erroneous as a matter of law *(see, Resnick v Seher, supra)*. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.