■ ROGER LEUGEMORS, Respondent, v MICHAEL SLAWINSKI et al., Individually and Doing Business as STROH'S TAVERN, Appellants. [680 NYS2d 390] —Order unanimously reversed on the law with costs and motion granted. Memorandum: Supreme Court abused its discretion in denying defendants' motion to

compel plaintiff to submit to a physical examination. Plaintiff asserted that defendants had waived their right to a physical examination by failing to conduct an examination within the time period set forth in plaintiff's "Notice Fixing Time for Physical Examination" (notice) (*see*, 22 NYCRR 202.17 [a]). The court had the discretion to grant the motion to compel a physical examination if "there is a good excuse for the delay and no prejudice to the plaintiff" (*Resnick v Seher*, 198 AD2d 218; *see*, CPLR 2004; *Williams v Long Is. Coll. Hosp.*, 147 AD2d 558, 559; 22 NYCRR 202.17 [j]). Because a note of issue and certificate of readiness had not yet been filed, defendants did not need to establish unusual or unanticipated circumstances (*see*, 22 NYCRR 202.21 [d]; *cf., Mayo v Lincoln Triangle Assocs.*, 248 AD2d 362; *Urena v Bruprat Realty Corp.*, 179 AD2d 505).

Defendants contend that plaintiff's notice was not served on defendants' attorneys of record, and plaintiff failed to establish that it was. In any event, defendants requested permission to conduct an examination only 17 days after expiration of the deadline in the notice, and discovery had not yet been completed. In fact, plaintiff had scheduled a deposition of a defense witness on a date three months after the date on which he denied defendants' request for the extension. Defendants twice requested permission to conduct a physical examination before moving to compel. Under the circumstances, plaintiff is not prejudiced by the brief delay (*see, Resnick v Seher, supra*). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Discovery.) Present—Denman, P. J., Hayes, Wisner, Callahan and Boehm, JJ.