OPINION OF THE COURT
James H. Shaw, Jr., J.
Defendant has moved to vacate plaintiffs note of issue and certificate of readiness. The plaintiff has cross-moved to obtain a special age preference for trial since he is 76 years old.
In September 1998, defense counsel received from plaintiffs counsel a note of issue and a certificate of readiness alleging that there was compliance with discovery.
Upon examining the papers, the court has found that there has been no discovery in this case. No examinations before *635 trial have been held. The three medical examinations that were done of the plaintiff were conducted pursuant to a “no-fault claim” that is not part of this litigation. The court notes that the no-fault file is not maintained nor immediately accessible without authorization to defense counsel. The no-fault examinations, contrary to plaintiffs allegation, do not substitute for a proper independent medical examination.
Since no discovery has been conducted, the defendant’s motion to vacate the note of issue is granted. The plaintiffs cross motion for a special age preference is denied without prejudice. Plaintiff may make such a motion when the case is properly on the Trial Calendar. (See, CPLR 3403; 22 NYCRR 202.24.)
The court has ascertained that no preliminary conference has been held on this case. (See, 22 NYCRR 202.12.) Preliminary conferences further the object of facilitating and enhancing discovery. Such a conference is especially valuable where a party has maneuvered the litigation from joinder to issue to note of issue without the requisite steps of discovery that are the hallmark of litigation.
Preliminary conferences serve another useful function not frequently mentioned in the cases. Too often, cases are permitted to remain in the Supreme Court even though the injuries or damages allegedly sustained do not meet the jurisdictional requirement and the insurance policy limits by a carrier do not exceed $20,000 or $30,000. A preliminary conference thus permits the court to make the necessary inquiries of counsel at an early stage of the litigation and to decide which cases ought to remain in Supreme Court and which matters should be referred to the Civil Court of the City of New York pursuant to CPLR 325 (d).
The court, therefore, on its own motion, sets this matter for a preliminary conference to be held on February 11, 1999, at 9:30 a.m., in room 1117.
In the present case, counsel put a case on a Trial Calendar without any discovery, when it is this court — and not counsel— who should control the calendar.