■ MARIA MANRIQUE et al., Respondents, v WARSHAW WOOLEN ASSOCIATES, INC., et al., Appellants. [723 NYS2d 498]

—Order, Supreme Court, New York County (Richard Lowe, III, J.), entered November 21, 2000, which, *inter alia*, denied the motion by defendants Warshaw Woolen Associates, Inc. and Bhakeram Ratibhan to dismiss the complaint in this personal injury action or, alternatively, to direct that plaintiffs comply with certain discovery demands, unanimously modified, on the law, the facts and in the exercise of discretion, to direct that plaintiff Maria Manrique shall appear for an ophthalmic examination within 45 days of service of a copy of this order with notice of entry, plaintiff Concepcion Manrique shall appear for an orthopedic examination within 45 days of service of a copy of this order with notice of entry, and plaintiff Concepcion Manrique shall execute and deliver to defendant authorizations for her medical records in the custody of Dr. McKenzie and Dr. Nachamie, and physical therapy records, within 20 days of service of a copy of this order with notice of entry, and otherwise affirmed, without costs.

This action bears a 1999 index number. At a preliminary conference prior to the consolidation of the two matters a discovery deadline of July 7, 2000 was directed. Prior to that date all depositions were concluded, as well as a neurological examination of plaintiff Maria Manrique. A note of issue was not filed by July 7th, for reasons that are unclear in the record, although subsequently counsel for plaintiffs had serious personal problems which interfered with his ability to correct the failure.

After the deadline, but prior to the filing of any note of issue, counsel for defendants sought to conduct an ophthalmic examination of Maria Manrique, as well as an orthopedic examination of Concepcion Manrique. Additionally, they requested authorizations for physicians and therapists who had treated Concepcion Manrique. When the parties could not agree, motion practice ensued, and resulted in the subject order, which, without explanation, permitted plaintiffs to file a note of issue, but did not allow defendants to conduct any further discovery.

In the circumstances presented, we find it to have been improvident to deny the additional physical examinations, as well as the request for authorizations. The case was less than a year old, the parties had timely conducted much of the discovery directed in the preliminary conference order, no prejudice can be shown, and the failure does not appear to have been willful (*see, e.g., Rancano v Chase Manhattan Bank*, 273 AD2d 51; *compare, Vigio v New York Hosp.*, 264 AD2d 668). Concur—Rosenberger, J. P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.