OPINION OF THE COURT
Charles J. Markey, J.
A few years prior to his appointment to the United States Supreme Court in 1916, Louis Dembitz Brandéis (1856-1941) stated:
*690 “We who are lawyers have a special obligation, and that is to make our law efficient. The disgrace that has come to the law, the discredit, the disrespect which has come to the law, is because it is inefficient, and because we make rules and we do not provide any machinery for enforcing them.” (Alfred Leif, The Social and Economic Views of Mr. Justice Brandéis, at 402 [Vanguard Press 1930] [quoting excerpts of Brandeis’s testimony on “Price and Business Incentive” before a United States House of Representatives Subcommittee, May 15, 1912], quoted in Solomon Goldman, The Words of Justice Brandéis, at 120 [Henry Schuman, Inc. 1953].)
This case, scheduled soon for trial, is one where counsel have defaulted in the “special obligation” cited by Justice Brandéis. At issue is whether this court is required to enforce strictly two court orders, made at preliminary and compliance conferences, requiring defendants’ lawyers to designate their physicians to conduct an independent medical examination (IME) by a certain date and expressly deeming their failure to do so as a waiver. Denying relief to the defendants forces them to defend a personal injury action seeking a multimillion dollar recovery without the benefit of an IME. Granting them relief, however, places this court in the unenviable predicament of modifying two orders issued by Supreme Court, Queens County, thereby diluting their original efficacy and suggesting to counsel that dates set in such orders are merely precatory guidelines.
Upon the foregoing papers, and upon extensive oral arguments heard by this court on April 12, 2002, and the postargument submissions invited by the court on the issue of law, the defendants move to dismiss the complaint for an alleged failure to comply with a court order directing a physical examination of plaintiff Ronald Garcia by an orthopedic doctor selected by the defendants.
Although two orders of Supreme Court, Queens County, provided deadlines for defendants to designate a physician to conduct this orthopedic IME, defendants’ counsel made the designation 12 days after the time elapsed under the second order and before plaintiffs filed a notice of trial.
Procedural History
The summons and complaint, seeking over $5,000,000 in damages in this personal injury case, was served on April 16, *691 2001. Issue was joined on June 7, 2001. A request for judicial intervention form was filed on July 16, 2001. A preliminary conference order issued by Supreme Court, Queens County (Ritholtz, J.), was signed on August 1, 2001. The preliminary conference order required that physical examinations of the plaintiff be conducted on or before 45 days of completion of plaintiff’s examination before trial. Since plaintiff Ronald Garcia’s examination before trial was held on October 12, 2001, the physical examination of plaintiff by defendants should have occurred on November 26, 2001.
The preliminary conference order stated that all disclosure “shall be completed on or before December 4, 2001” and required plaintiff to file a note of issue on March 15, 2002.
On December 4, 2001, Justice Martin E. Ritholtz conducted a compliance conference. The compliance conference order instructed the parties to meet the deadlines set forth in the order and prohibited any adjournments without first obtaining the court’s approval. The printed compliance order further provided a strict timetable for the designation of the physician who would be conducting the IME. According to the order, defendants were required to make their designation of the doctor within either (a) five days of plaintiff’s deposition, or (b) 10 days of the date of the compliance order, whichever is later. This printed order did not afford counsel any discretion in selecting dates. The 5/10 day provision was printed in the form order that allowed no blank space for counsel to make changes.
Failure to make the designation within that time period, as stated in the order, “shall be deemed a waiver of the right to take the examination.”
By letter dated December 26, 2001, defense counsel advised plaintiff’s attorneys of their desire to do the IME. By letter dated December 31, plaintiffs’ counsel advised defense counsel that their failure to designate a doctor by December 14, i.e., within 10 days of the compliance order dated December 4, resulted in a self-executing waiver of the IME. Plaintiffs’ counsel stated that it would not produce its client for an IME.
At some point shortly after the compliance conference, the case was transferred from Supreme Court to this court pursuant to CPLR 325 (d).
In February 15, 2002, plaintiffs’ counsel allegedly notified the defendants that plaintiff Ronald Garcia required surgery for his left hand. No physical examination was held even for this alleged subsequent injury.
*692 Complying with the dates set forth in the preliminary conference order, plaintiffs’ counsel served a note of issue on March 12, 2002. In the certificate of readiness for trial, plaintiffs’ counsel indicated that defendants waived physical examinations. In turn, on March 15, 2002, defendants made the present motion to dismiss for failure to permit the IME or for alternative relief.
This case is currently on the trial calendar and is scheduled for a conference before the Trial Term Judge on August 1, 2002.
The Law
The legal issue is whether the exercise of discretion to permit defendants to conduct a belated physical examination, despite a clear court order that says failure to designate a doctor within 10 days will result in a waiver of the IME, will be deemed made providently or improvidently. The issue is not novel; appellate courts have reviewed such discretionary exercises, and their decisions are, at least, paradoxical. A review of the appellate holdings establishes that the nisi prius judge is on treacherous terrain. The field is loaded with land mines, where one misstep will result in an appellate court chastising a trial judge for having exercised his or her discretion, one way or the other, improvidently.
Certain general principles can be extracted from a review of the cases, which, at first glance, may seem irreconcilable, but which can generally be harmonized. First, where defendants seek a belated IME, after plaintiff has properly filed a note of issue after the date that discovery was required to be completed, a court, as a general matter, should not afford defendants an additional opportunity to conduct a physical examination. (See, e.g., Gill v United Parcel Serv., 249 AD2d 265 [2d Dept 1998]; Mayo v Lincoln Triangle Assoc., 248 AD2d 362 [2d Dept 1998]; Levine v McFarland, 98 AD2d 795 [2d Dept 1983]; accord, Cardillo v Bonito, 256 AD2d 69 [1st Dept 1998] [although defendants failed to conduct IME under time constraints of court order, plaintiff filed note of issue before discovery deadline in court order expired].)
Second, even on a post note of issue motion by defense counsel seeking a physical examination, courts will excuse a defendant’s default and delinquency to take an IME where a defendant can demonstrate “unusual or unanticipated circumstances.” (See, e.g., James v New York City Tr. Auth., 291 AD2d 855, 856 [2d Dept 2002]; accord, Urena *693 v Bruprat Realty Corp., 179 AD2d 505 [1st Dept 1992] [plaintiffs’ failure to provide medical authorizations contributed to the delay].)
Third, in actions where defendants sought to conduct an IME after the date provided for such physical examination in a court order, but before plaintiff filed a note of issue — as illustrated by the case at bar — courts will generally permit defendants another opportunity to conduct the IME. Relief will be granted to defendant especially where plaintiff cannot show prejudice. (See, e.g., Venia v 18-05 215th St. Owners, 288 AD2d 463 [2d Dept 2001]; Leugemors v Slawinski, 255 AD2d 913 [4th Dept 1998]; accord, May v American Red Cross, 282 AD2d 285 [1st Dept 2001] [defendant failed to comply with three court-ordered deadlines; appellate court allowed IME while permitting case to remain on the trial calendar].) In such a situation, where defense counsel sought to conduct the IME before the note of issue was filed, defense counsel does not need to show “unusual or unanticipated circumstances.” (Leugemors, supra, 255 AD2d at 914.)
Regarding the compliance conference order by Justice Ritholtz, requiring the designation of a doctor by defendant to be made within 10 days, while such time period is the bare minimum required by law, it is proper. (See, Poltorak v Blyakham, 225 AD2d 600 [2d Dept 1996].)
It is true that the plaintiffs’ statement in their certificate of readiness for trial that defendants waived a physical examination is not incorrect. The order of December 4, 2001, which defendants violated, does expressly state that failure to make the timely designation will result in a waiver. (See, Venia, supra, 288 AD2d at 464; Mateo v City of New York, 282 AD2d 313 [1st Dept 2001].) Nevertheless, where defendant’s designation of a doctor or expressed willingness to conduct an IME is only a few days late under the terms of an order, courts should afford a defendant another opportunity to conduct the physical examination. (See, e.g., Venia, supra, 288 AD2d at 464 [one day late]; Leugemors, supra, 255 AD2d at 914 [17 days late].)
In the present case, where defendants sought to conduct the physical examination before the time that plaintiffs were permitted to file a notice of trial, relieving defendants of their waiver will not result in prejudice since their action will remain on the trial calendar. Counsel for the parties, indeed, are required to be in Trial Term on August 1, 2002 to conference this case with the Trial Term Judge.
In a short and sensitive opinion, the court in Muller v Brailofsky (179 Misc 2d 634 [Sup Ct, Kings County 1999, Shaw, J.]) *694 underscored the importance of a preliminary conference and orders that emanate from such conferences. Justice James H. Shaw, Jr., stated that preliminary conferences (1) facilitate and enhance discovery and (2) enable courts to decide on which cases ought to be referred to Civil Court pursuant to CPLR 325 (d). {Id. at 635.)
Conferences scheduled by a court, whether they are termed “preliminary,” “compliance,” “status,” or “settlement,” are a waste unless the lawyers are going to enter into the conference in good faith and to honor the agreements made at such conferences. When counsel attaches his or her name to a preliminary conference order or a compliance conference order, the order’s terms should be treated with seriousness and, barring some circumstance, respected. Practitioners should not view the act of signature frivolously as some temporary salve or panacea to appease a judge conducting the conference, whom counsel may perceive as zealous in pushing a case to trial, and the obligations evaded by entreating another court on a subsequent motion. In the present case, defense counsel should be mindful of the disrespect they invite to court orders, by not keeping to its terms.
At any rate, the defendants’ motion is granted only to the extent that plaintiff Ronald Garcia shall appear at an IME to be held, at a mutually convenient time, on or before July 10, 2002. Copies of any reports rendered by the doctor(s) conducting the physical examination shall be sent to plaintiffs’ counsel, by overnight delivery, so as to be received by them, on or before July 26, 2002, at 3:00 p.m.