■ JERRY SMITH, JR., Respondent, v GAMAL I. MOUSA, Appellant. [759 NYS2d 482] —Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered October 4, 2002, which denied defendant-appellant's motion for an extension of time to conduct an independent medical examination of plaintiff, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion granted and plaintiff directed to submit to an independent medical examination within 45 days of service of a copy of this order with notice of entry.

Plaintiff commenced this action for personal injuries in January 2001. The parties engaged in discovery and both plaintiff and defendant were deposed on May 22, 2002. The next day, May 23, 2002, a compliance conference was held and the IAS court issued a preliminary conference order directing, inter alia, that defendant designate a doctor to examine plaintiff by June 12, 2002 and that the examination be held by July 19, 2002.

Counsel for defendant did not meet these deadlines and upon discovering the error, brought the instant motion to extend the time to have plaintiff examined on August 9, 2002. In support of the motion, counsel affirmed that his failure to comply with the court's scheduling order was due to an "oversight" resulting from his being out of the office for a week and his preoccupation with other trial-ready matters. He further argued that plaintiff would not be prejudiced since the physical examination was noticed for September 12, 2002, one day earlier than the IAS court's original deadline for plaintiff to file a note of issue. Defendant's motion was not calendared for argument until September 13, 2002, and in the interim, plaintiff filed a note of issue and certificate of readiness on August 29, 2002.

The IAS court improvidently exercised its discretion in denying defendant's request for a short extension of time to conduct an independent medical examination of plaintiff (*see Cardillo v Bonito,* 256 AD2d 69 [1998]; *Manrique v Warshaw Woolen Assoc.,* 282 AD2d 407, 408 [2001]). Although the court's preliminary conference order included language providing that a failure to comply with the schedule would result in a waiver of examination, a defendant may be relieved of such waiver where, as here, there is no showing that such relief will prejudice the

plaintiff (*see Wise v Blue,* 289 AD2d 131, 131-132 [2001]; *Manrique v Warshaw Woolen Assoc.,* 282 AD2d at 408; *Williams v Long Is. Coll. Hosp.,* 147 AD2d 558, 559 [1989]; *Garcia v Munnerlyn,* 191 Misc 2d 689, 692-693 [2002]). Had the examination gone forward on September 12, 2002, as requested in defendant's motion, any prejudice from the short delay in producing the medical examination report would have been minimal (*see Leugemors v Slawinski,* 255 AD2d 913, 913-914 [1998]).

Also militating in defendant's favor are the facts that the parties had timely conducted most of the discovery directed by the court, that defendant's failure to comply does not appear to have been willful and that prompt efforts were made to rectify the oversight (*see Manrique v Warshaw Woolen Assoc.,* 282 AD2d 407, 408 [2001]). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Friedman and Gonzalez, JJ.