OPINION OF THE COURT
Edgar G. Walker and Bernice D. Siegal, JJ.
*522 The above-captioned actions (still in the discovery stage), commenced to recover first-party no-fault benefits, have been consolidated, sua sponte, for the sole purpose of deciding the motions brought by defendant to dismiss plaintiffs’ complaints pursuant to CPLR 3126. Although it is not unusual to consolidate matters presenting the same issues before one judge, it is perhaps unorthodox for two judges in Civil Court to join in an opinion deciding motions submitted to them individually for decision. In the interest of judicial economy and as all these motions present one manifest legal conundrum within the identical procedural posture, as will become clear, we join in granting defendant’s motion and, accordingly, dismiss plaintiffs’ complaints.
The actions were commenced by service of summons and complaint. Along with its answer, defendant served various discovery demands upon plaintiffs including a notice to take a deposition upon oral examination. Each such demand was noticed for a specific date, whereupon the plaintiffs did not appear. Upon plaintiffs’ default, defendant made its initial motion to dismiss for failure to appear at said depositions. Each motion was resolved by a stipulation, drafted and executed by respective counsel, wherein the plaintiffs agreed to produce, for examination before trial (EBT), on or before a date certain, an individual with personal knowledge to establish its prima facie case and, if “medical necessity” was the basis of defendant’s denial, an individual having “personal knowledge of the treatment allegedly rendered.” The parties further agreed that “[i]n the event that plaintiff fails to appear for said examination or fails to produce someone with personal knowledge as to the medical necessity of the services allegedly provided (if so required) plaintiff will be precluded from offering evidence at trial” (emphasis added).
The stipulation was then “so ordered” by the judge sitting in Special Term. Defendant, by affirmation of the attorney with personal knowledge of the steps taken to ensure compliance, indicated telephonic and written communication to plaintiffs’ counsel concerning the depositions. Upon plaintiffs’ failure to appear on the outside dates, a record of default was taken and these motions ensued. To date no one has appeared for any of the depositions on behalf of plaintiffs herein.
The issue is not, as noted by plaintiffs’ attorney in his affirmation in opposition, “what penalty is appropriate for plaintiff [s’] non-compliance.” That question was answered by the *523 parties themselves when they entered into the stipulations. It has long been held that parties may, by stipulation, chart their own procedural course in a case, which the courts are bound to enforce except in certain limited circumstances not even alleged to be present in these cases. (Nishman v De Marco, 76 AD2d 360 [2d Dept 1980]; Siltan v City of New York, 300 AD2d 298 [2d Dept 2002]; Matter of Evelyn P., 135 AD2d 716 [2d Dept 1987].)
What is striking about plaintiffs’ papers is the utter lack of showing of any excuse or reason for their failure to appear or produce any witness for the agreed upon depositions, nor is there any commitment to do so if given still another opportunity. Even at this stage of the litigation, the court might have considered yet another conditional order, if plaintiffs had requested same and offered a sufficient excuse for their failure to comply with the prior order and provided reasonable assurances that they would comply in the future. (See e.g., Bohlman v Reichman, 97 AD2d 426 [2d Dept 1983].)
Rather, plaintiffs seek to be relieved of the consequences of an agreement, which, in hindsight they regret having made. It may well be that had plaintiffs not entered into the stipulations to resolve the prior motions, the court would not have ordered depositions or imposed the sanction specified in the stipulations for plaintiffs’ failure to comply. However, the court is not free to reform the stipulations to conform to what it thinks is proper or to impose a sanction other than that agreed to. (Tinter v Tinter, 96 AD2d 556 [2d Dept 1983]; Siltan v City of New York, supra.) Plaintiffs, not having pursued their arguments that defendant was not entitled to an EBT in opposition to the initial motion, may not now raise those arguments to excuse their failure to comply with the stipulation.
The so-ordered stipulations functioned as conditional orders of preclusion, which became absolute upon the plaintiffs’ failure to comply. (Id.) If preclusion will prevent plaintiffs from making a prima facie case, the motion to dismiss should be granted. (Jenkinson v Naccarato, 286 AD2d 420 [2d Dept 2001].)
Plaintiffs argue that they can prove their prima facie case by calling an employee of the defendant to testify at trial. However, what is provided for in the stipulation is evidence preclusion, not merely witness preclusion. The plaintiffs are precluded from “offering evidence,” not merely calling a specified witness. *524 Therefore, the plaintiffs will be unable to establish a prima facie case.
Defendant’s motions to dismiss are granted.