OPINION OF THE COURT
Charles J. Markey, J.
*432 Plaintiff moves for sanctions against defendant for failing to abide by a court order mandating arbitration. On or about April 22, 2004, Justice Richard D. Huttner, then sitting in IAS Part 38, transferred this action to arbitration. Over a year passed, and no action was taken. On October 25, 2005, in response to a motion by plaintiff to restore this case to the trial calendar, the parties entered into a stipulation that read: “Plaintiffs motion is granted to the extent that the matter is to be resolved by binding arbitration within 90 days of this Order.” Justice Huttner signed the stipulation transforming it to a court-ordered stipulation.
The two counsel that appeared before the undersigned on April 4, 2006 to argue the present motion for sanctions, Seth Berman, Esq., for the plaintiff, and Jeffrey M. Kalenka, Esq., for the defendant, were the two signatories to the October 25, 2005 agreement. Mr. Berman served a copy of the so-ordered stipulation upon his adversary on November 1, 2005. In response to receiving the notice of entry, defendant did nothing, neither noticing an appeal nor moving to resettle the order. More important, despite several attempts by plaintiffs counsel to arrange an arbitration, defendant has failed to cooperate in the effort and has resisted all efforts to proceed. Defense counsel’s position on this motion is that the court-ordered stipulation failed to set any parameters to the arbitration as to dollar amounts. Absent clarification, defendant refuses to enter into an arbitration.
Defendant’s position is without merit. First, defendant made no effort since the date of the so-ordered stipulation in October 2005 to vacate the stipulation or to resettle the order. This court is bound to enforce agreements entered into by counsel, especially those that bear the imprimatur of the court (see, Socrates Psychological Servs., P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 642, 647, 657 [Civ Ct, Queens County 2005]; Pueblo Med. Treatment v Progressive Cas. Ins. Co., 6 Misc 3d 1033[A], 2005 NY Slip Op 50287[U] [2005]; Hoss Med. Servs., P.C. v Government Empls. Ins. Co., 4 Misc 3d 521 [Civ Ct, Queens County 2004]).
The so-ordered stipulation in the present action merits enforcement. The law encourages arbitration (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am., 37 NY2d 91, 95 [1975]; State of New York v Philip Morris Inc., 30 AD3d 26 [1st Dept 2006]), the law disfavors disavowals of stipulations (Wright v Brockett, 150 Misc 2d 1031, *433 1038 [Sup Ct, Bronx County 1991]), and the law requires enforcement of court orders (Ortega v City of New York, 11 Misc 3d 848, 859 [Sup Ct, Kings County 2006]).
Justice Louis Brandéis stated:
“We who are lawyers have a special obligation, and that is to make our law efficient. The disgrace that has come to the law, the discredit, the disrespect which has come to the law, is because it is inefficient, and because we make rules and we do not provide any machinery for enforcing them.” (Alfred Leif, The Social and Economic Views of Mr. Justice Brandéis, at 402 [Vanguard Press 1930] [quoting excerpts of Brandeis’s testimony on “Price and Business Incentive” before a United States House of Representatives Subcommittee on May 15, 1912], quoted in The Words of Justice Brandéis, at 120 [Solomon Goldman editor, Henry Schuman, Inc., publishers (1953)], and in Garcia v Munnerlyn, 191 Misc 2d 689, 690 [Civ Ct, Queens County 2002].)
As one court recently and eloquently pointed out: “Enforcement of court orders goes to the very underpinning of our legal system and without enforcement there would be no rule of law” (Ortega v City of New York, 11 Misc 3d at 859, supra).
If defense counsel had wanted to add parameters to the scope of the arbitration, it should have done so at the time of the preparation of the stipulation or done so by appropriate motion within a reasonable time thereafter. This court, absent allegations of trickery and deceit, will not make alterations to a prior court order that is plain and unambiguous on its face. Defense counsel has not cited any case showing a court vacating or modifying a mandate to arbitration by later adding parameters, and this court’s independent legal research has not found any such case.
“[Blinding arbitration” must mean exactly that. Therefore, the order to show cause is granted to the extent that the defendant and her counsel must proceed to binding arbitration on or before June 2, 2006. Plaintiff shall take all steps, including documenting in writing so as to leave a paper trail, demonstrating all efforts done to notify defendant’s counsel of the arbitration and to secure the cooperation of defendant and her counsel. If defense counsel continues to resist the arbitration, plaintiffs counsel shall serve and file an affirmation attesting to all the steps taken to secure defense counsel’s cooperation, and this court will enter a judgment of liability against the defendant *434 and will set a date for an inquest on damages before the undersigned.
The court also awards plaintiff the sum of $500 for the legal expense in making the current motion, as well as the costs of the motion. The $500 and motion costs must be paid by defense counsel to plaintiffs counsel on or before June 2, 2006. The court further advises defendant that further noncompliance with Justice Huttner’s order may result in an award of sanctions pursuant to part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR).