Order, Supreme Court, New York County (Louis B. York, J), entered June 20, 2012, which denied defendants’ motion to vacate the note of issue and certificate of readiness, finding that defendants had waived their right to an independent medical examination (IME) of plaintiff, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, and plaintiff directed to submit to an IME within 45 days of service of a copy of this order with notice of entry.
The court improvidently exercised its discretion by denying defendants a one-day adjournment to conduct the already scheduled IME, as there is no evidence that the failure to conduct it previously was willful, and no evidence that plaintiff would have been prejudiced by the delay (see Smith v Mousa, *451 305 AD2d 313 [1st Dept 2003]). Moreover, the court could have allowed the IME without vacating the note of issue (see Torres v New York City Tr. Auth., 192 AD2d 400 [1st Dept 1993]; Gross-man v Amalgamated Warbasse Houses, Inc., 21 AD3d 448 [2d Dept 2005]), thereby causing no delay in the trial. Although there appears to have been no transcript of oral argument when this adjournment was requested, plaintiff does not deny that such a request was made, nor does he deny that the IME, scheduled for the day after the return date on the motion, was confirmed with plaintiffs counsel’s office at least three weeks prior to the return day. Moreover, plaintiffs certificate of readiness was incorrect in that it indicated that “[a]ll relevant information, party statements, medical records, reports (in plaintiffs attorney’s possession) and/or authorizations [had] been exchanged.” However, plaintiff did not provide his supplemental bill of particulars or authorization for Social Security Unemployment records until approximately six weeks after filing the note of issue and certificate of readiness (see Vargas v Villa Josefa Realty Corp., 28 AD3d 389, 391 [1st Dept 2006]). Concur — Tom, J.P., Andrias, Renwick, DeGrasse and Gische, JJ.