Owens v Metropolitan Transp. Auth. (2025 NY Slip Op 05466)

Owens v Metropolitan Transp. Auth.

2025 NY Slip Op 05466

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Index No. 160308/21|Appeal No. 4892|Case No. 2025-03052|

[*1]Emanuel Owens, Plaintiff-Respondent,
v
The Metropolitan Transportation Authority et al., Defendants-Appellants, Carl A. Samuels et al., Defendants.

Anna J. Ervolina, Metropolitan Transportation Authority Law Department, Brooklyn (Theresa A. Frame of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (Richard A. Tsai, J.), entered on or about April 18, 2025, which denied the motion of defendants the Metropolitan Transportation Authority, the New York City Transit Authority, and Javelle M. Woods (collectively Transit) to vacate the note of issue, unanimously affirmed, without costs.
In moving to vacate the note of issue within 20 days after its service, Transit was required only to show that "a material fact in the certificate of readiness [was] incorrect" (22 NYCRR 202.21 [e]). We review the motion court's order under an abuse of discretion standard (see Oldcastle Precast, Inc. v Steiner Bldg. NYC, LLC, 224 AD3d 413, 413 [1st Dept 2024]).
Transit contends that plaintiff's statement in the certificate of readiness that his independent medical exams (IMEs) were "completed" was an incorrect material fact that warranted vacating the note of issue. Although plaintiff's statement in the certificate of readiness was incorrect, the error was not material within the context of this case. The motion court held that Transit waived the right to have plaintiff appear for IMEs when Transit missed three court-ordered deadlines to do so, and the court's decision is entitled to deference (see Mateo v City of New York, 282 AD2d 313, 314 [1st Dept 2001]). That plaintiff should have stated that the IMEs were "waived" instead of "completed" is a matter of semantics under the circumstances of this case because in either event there was no outstanding discovery (see Tomaino v 209 E. 84 St. Corp., 68 AD3d 527, 528 [1st Dept 2009]).
We decline to relieve Transit of the effect of its waiver based on a lack of prejudice to plaintiff. Contrary to Transit's assertion, Transit did not seek only "a short extension of time to conduct" the IMEs (Smith v Mousa, 305 AD2d 313, 313 [1st Dept 2003]). To the contrary, Transit eventually scheduled the IMEs on dates approximately one year after the original note of issue deadline, and this delay was attributable to Transit (cf. Pickering v Union 15 Rest. Corp., 107 AD3d 450, 450 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025