Wesco Ins. Co. v Nunez Dental Servs., P.C.

2026 NY Slip Op 02082

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Wesco Insurance Company, et al., Respondents,

v

Nunez Dental Services, P.C., et al., Appellants, Tower Insurance Company, et al., Defendants.

Merrimack Mutual Fire Insurance Company, Third-Party Plaintiff-Respondent,

Nunez Dental Services, P.C., et al., Third-Party Defendants-Appellants.

Decided and Entered: April 07, 2026

Index No. 155341/21|Appeal No. 6287|Case No. 2025-06541|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

The Casas Law Firm, P.C., New York (John V. Golaszewski of counsel), for appellants.

GunnerCooke US LLP, New York (Max W. Gershweir of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about September 16, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to compel defendants to produce discovery and to extend the time to file the note of issue, unanimously affirmed, with costs.

In a prior appeal, this Court determined that neither plaintiffs nor defendants Nunez Dental Services, P.C., and Maritza Nunez (together, Nunez), and Camila Davalos met their summary judgment burden, noting that the record did not establish whether a prior publication exclusion in plaintiffs' policy was applicable. Specifically, we found that because a 2009 publication in question was not in the record it could not be determined whether such publication "consisted of substantially the same offending material" as publications attached to the underlying complaint (Wesco Ins. Co. v Nunez Dental Servs., P.C., 225 AD3d 410, 411 [1st Dept 2024]). The day after this Court issued its decision, plaintiffs served discovery demands seeking, among other things, all publications and information concerning any advertisements for Nunez services using Davalos' image, including when such advertisements were first published. Plaintiffs also sought an extension of time to file the note of issue because the original deadline of January 31, 2023 had lapsed while plaintiffs awaited Supreme Court's decision on their motion for summary judgment.

Supreme Court properly concluded that the discovery materials sought by plaintiffs are material and necessary to the prosecution of this action, particularly in light of this Court's prior determination (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]).

The court also providently exercised its discretion in extending the note of issue deadline (CPLR 2004; Grant v City of New York, 17 AD3d 215, 217 [1st Dept 2005]). Although the compliance conference order required plaintiffs to file the note of issue by January 31, 2023 and plaintiffs failed to do so, the amount of time that elapsed between the note of issue deadline and plaintiffs' subsequent document demands was relatively short in the context of the particular procedural history of this case (see Manrique v Warshaw Woolen Assoc., 282 AD2d 407, 408 [1st Dept 2001]). Additionally, plaintiffs provided a plausible reason for not making their demands earlier; namely, that they thought they were entitled to relief based on the record that was available when they originally moved for summary judgment. Furthermore, there is minimal prejudice to defendants, and the likelihood that the additional discovery will lead to successive summary judgment motions is speculative (see generally Jones v 636 Holding Corp., 73 AD3d 409, 409 [1st Dept 2010]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026