■ Gloria Munoz et al., Plaintiffs, v 147 Corp. et al., Appellant, et al., Defendants. 147 Corp. et al., Third-Party Plaintiffs-Appellants, et al., Third-Party Plaintiff, v City of New York, Third-Party Defendant-Respondent. (And Another Action.) [767 NYS2d 1] —Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered January 7, 2003, which denied the motion of defendants 147 Corp., United Capital Corp. and Attilio F. Petrocelli to vacate plaintiffs' note of issue, strike the answer of third-party defendant City of New York, and compel the City to produce a particular witness and respond to defendants' supplemental demand for discovery and inspection, unanimously modified, on the law, the facts and in the exercise of discretion, to (i) vacate the note of issue and certificate of readiness and strike this action from the trial calendar, (ii) order the City to respond to the supplemental demand for discovery and inspection within 30 days of service of a copy of this Court's order, with notice of entry, and (iii) order the City to produce the firefighter(s) who removed plaintiff Munoz from the elevator on May 8, 1992 or who responded to that incident, if still employed by the City, within 60 days of service of a copy of this Court's order, with notice of entry, and otherwise affirmed, without costs.

Plaintiffs submitted no opposition to defendants' timely motion to vacate the note of issue (CPLR 3402; Uniform Rules for Trial Cts [22 NYCRR] § 202.21 [e]). The recital in the certificate of readiness that discovery is complete is obviously incorrect since defendants have not yet been able to identify and depose essential firefighter witnesses and, thus, the motion to strike the note of issue should have been granted (*Ortiz v Arias*, 285 AD2d 390 [2001]). The items sought in the supplemental demand for discovery and inspection are "material and necessary in the prosecution or defense" of the instant action (CPLR 3101 [a]), and the City has not shown that the requests are overly broad or unduly burdensome. Finally, the denial of defendants' application to strike the City's answer is not a clear abuse of discretion (*see Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11, 17 [2000], *lv dismissed* 96 NY2d 937 [2001]). Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.