■ GINA MIELE SEREDA, Respondent, v SOUNDS OF CUBA, INC., Doing Business as SON CUBANO, and Doing Business as CUBANO's, Appellant. [944 NYS2d 538]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered November 30, 2011, which granted plaintiff's motion to quash a post-note-of-issue subpoena ad testificandum that defendant sought to serve on a nonparty witness, unanimously affirmed, without costs.

In this negligence action arising from a slip and fall, defendant demanded from plaintiff the address of a nonparty witness, a friend of plaintiff who was with her the night she fell. Before responding to all of defendant's discovery demands, including the demand for the witness's address, plaintiff filed a note of issue and certificate of readiness. The court directed that the parties resolve the outstanding discovery by a certain date, but did not vacate the note of issue. Plaintiff belatedly submitted a P.O. box address for the witness, although she had testified that she could obtain the witness's actual home address.

While vacatur of the note of issue would have been warranted under these circumstances alone, as the P.O. box address prevents defendant from properly serving a subpoena ad testificandum on the witness (*see* 22 NYCRR 202.21 [e]; *Munoz v 147 Corp.*, 309 AD2d 647 [2003]), defendant has waived its right to such relief. Defendant did not challenge the adequacy of the address or further demand an actual address, and apparently chose to move for summary judgment dismissing the complaint without having deposed the witness. Nor did it raise the matter of the need to depose the witness during the pretrial conferences conducted after the summary judgment proceeding. Rather, defendant unexpectedly sought to serve the subpoena, dated after the pretrial conferences, on the witness at an address that was obtained from an "investigator" that it purportedly retained. By failing to diligently pursue discovery and by proceeding as it did, defendant waived its right to have the note of issue vacated (*see Colon v Yen Ru Jin*, 45 AD3d 359 [2007]; *Rosenberg & Estis, P.C. v Bergos*, 18 AD3d 218 [2005]).

Even if plaintiff's submission of an inadequate address post-note of issue constitutes an "unusual or unanticipated circumstance[ ]" so as to warrant additional discovery under 22 NYCRR 202.21 (d), defendant's subsequent approach to the litigation also constituted waiver of its right to such relief. Under the circumstances, we perceive no reason to preclude plaintiff from offering the testimony of the witness at trial. Concur— Saxe, J.P., Sweeny, Acosta, Freedman and Román, JJ.