*570 Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered June 12, 2012, which denied defendant 234 East 178th Street LLC’s motion to strike plaintiffs’ note of issue or permit post-note of issue discovery, unanimously modified, on the law and the facts, the motion granted to the extent of permitting discovery on the newly asserted wrongful death claim of plaintiff DiBernardo, and otherwise affirmed, without costs. Order, same court and Justice, entered March 2, 2011, which denied plaintiffs’ motions for partial summary judgment, unanimously affirmed, without costs.
Although defendant timely moved to strike the note of issue, it had previously stipulated to waive any known discovery not raised at a compliance conference held one month prior to the making of the motion. Since defendant knew that it needed discovery concerning updated medical and special damages, but failed to seek it, it lost its entitlement to same (see Sereda v Sounds of Cuba, Inc., 95 AD3d 651 [1st Dept 2012]). However, defendant remains entitled to all material and necessary discovery concerning the wrongful death claim of Di Bernardo, a claim not asserted until after the compliance conference (see Francescon v Gucci Am., Inc., 71 AD3d 528 [1st Dept 2010]).
Plaintiffs’ motion for partial summary judgment on liability pursuant to General Municipal Law § 205-a was properly denied. To the extent the trial court and this Court used the word “illegal” in the decisions emanating from the criminal case arising from this fire (People v Rios, 87 AD3d 916 [1st Dept 2011]), such description of the subject apartment alterations amounted to dictum which has no binding collateral estoppel effect (see Continental Cas. Co. v Employers Ins. Co. of Wausau, 60 AD3d 128, 142 [1st Dept 2008], lv denied 13 NY3d 710 [2009]). In the criminal trial, the issue of statutory violations was not before the jury.
Collateral estoppel aside, plaintiffs failed to set forth a prima facie entitlement to summary judgment, as they submitted no admissible nonhearsay evidence that defendant was on notice of the condition alleged to have violated the statutes pleaded (cf. Lusenskas v Axelrod, 183 AD2d 244, 248-249 [1st Dept 1992], appeal dismissed 81 NY2d 300 [1993]). In any event, defendant’s experts raised issues of fact as to whether any statutes were violated, creating triable issues of fact barring summary resolution (see Pirraglia v CCC Realty NY Corp., 35 AD3d 234, 235 [1st Dept 2006]; see also Friedman v BHL Realty Corp., 83 *571 AD3d 510 [1st Dept 2011]). Concur — Sweeny, J.E, Acosta, Feinman and Clark, JJ.