■ LEONARD HOFFMAN et al., Respondents, v BILTMORE 47 ASsociates, LLC, et al., Appellants. (And a Third-Party-Action.) BILTMORE 47 ASSOCIATES, LLC, et al., Second Third-Party Plaintiffs-Respondents, v GENERAL CONCRETE CONSTRUCTION, INC., Second Third-Party Defendant-Respondent-Appellant, and CORD CONTRACTING Co., INC., et al., Second Third-Party Defendants-Respondents, et al., Second Third-Party Defendants. BILTMORE 47 ASSOCIATES, LLC, et al., Third Third-Party Plaintiffs-Appellants-Respondents, v OMC, INC., Third Third-Party Defendant-Respondent-Appellant. CORD CONTRACTING Co., INC., Fourth Third-Party Plaintiff-Respondent, v OMC, INC., Fourth Third-Party Defendant-Respondent-Appellant. [14 NYS3d 690]——

Order, Supreme Court, New York County (Debra A. James, J.), entered September 3, 2013, which, upon renewal, denied defendants Biltmore 47 Associates, LLC; Manhattan Theatre Club, Inc.; The Biltmore Theater Corporation; The Biltmore Theater Group, Inc.; Sweet Construction Corp.; Biltmore Theater Independent Manager Corp.; Biltmore Theater LLC; The Jack Parker Corporation, LLC; Parker Theater Associates, LLC; and Sweet Construction of Long Island, LLC's (collectively Sweet Construction) motion to vacate plaintiff's note of issue, unanimously reversed, on the law, and in the exercise of discretion, without costs, and the motion granted on condition that the deposition of third third-party defendant OMC, Inc. be completed within 60 days of the date of this order. Appeal from order, same court and Justice, entered March 5, 2013, unanimously dismissed, without costs, as academic. Order, same court and Justice, entered December 9, 2013, which, to the extent appealed from as limited by the briefs, granted the motion for summary judgment of second third-party defendants React Industries, Inc., React Technical, Inc., and React AC (React) dismissing the second third-party complaint and cross claims as against it, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered December 9, 2013, which denied the motion of second third-party defendant General Concrete Construction, Inc. (General Concrete) for summary judgment dismissing the second third-party complaint and cross claims as against it,

unanimously reversed, on the law, without costs, and the second third-party complaint and all cross claims dismissed as to General Concrete. The Clerk is directed to enter judgment accordingly.

Sweet Construction timely impleaded OMC pursuant to Supreme Court's order. However, due to the fact that the only outstanding discovery Sweet Construction could need, and has sought on this appeal, from OMC would be its deposition, its motion to vacate the note of issue is granted on condition that the action remains on the trial calendar and the deposition is completed within 60 days of the date of this order (see Munoz v 147 Corp., 309 AD2d 647 [1st Dept 2003]). Failure to complete discovery by that time is deemed a waiver.

React did not meet its burden of demonstrating that no HVAC work performed on the premises resulted in the creation of a hole large enough to have caused plaintiff's injuries, as described by plaintiff himself.

General Concrete met its burden of showing that it neither created nor had actual or constructive notice of the allegedly dangerous condition which caused plaintiff's injuries, and that its work was unrelated to the alleged defect (see Carrera v Westchester Triangle Hous. Dev. Fund Corp., 116 AD3d 585, 586 [1st Dept 2014]). Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ.